## Wynn *against* Allard.

A plaintiff in an action of trespass is not entitled to recover damages for an injury done to him which was the consequence of his own negligence as well as that of the defendant.

In an action of trespass for an injury done to the plaintiff by running against him with a sleigh and horses, it is competent for him to prove that the defendant was intoxicated.

ERROR to the Common .Pleas of *Luzerne* county.

William Wynn against Jacob Allard. The plaintiff was walking in the middle of one of the most frequented streets of the town of Wilkesbarre, where there were side-walks for footmen, when the defendant, in driving his horses in a sleigh rapidly along, ran against him and injured him, for which he brought this action of trespass. On the trial the plaintiff offered to prove that at the time of the occurrence the defendant was intoxicated. The defendant objected to the evidence, and the court rejected it and sealed a bill of exception at the instance of the plaintiff.

The court below instructed the jury that if the injury done to the plaintiff was a consequence of the negligence of the defendant alone, he was entitled to recover damages; but if it was occasioned partly by the negligence and carelessness of both parties, the plaintiff was not entitled to recover. This direction and the rejection of the evidence mentioned in the bill, were the subjects of the errors assigned.

*Case,* for plaintiff in error. The evidence of intoxication should have been received. *Coxe N. J. Rep.* 339. As to the charge of the court, he cited, *Bul. N. P.* 25 ; 1 *Lord Raym.* 739 ; 9 *Johns.* 294 ; 1 *Stra.* 596 ; 3 *East* 595 ; 3 *Wils.* 411 ; 2 *Hen. Black.* 894 ; 6 *Cow.* 342.

*Lusk,* contra, to sustain the charge of the court, cited 21 *Wend.* 615 ; 6 *Car. & P.* 23 ; 5 *Car. & P.* 375.

PER CURIAM.—The direction was right ; and if there was error, it was on the part of the jury. The principle that there is no

recourse by action for an injury which is the consequence of negligence on both sides, was laid down by this court in *Simpson* v. *Hand*, (6 *Whart*. 320), which was a case of negligence in the collision of ships. But the law of the particular case was laid down, in this instance, by the court below, in exact conformity to the direction of Mr Justice Alderson in *Pluckwell* v. *Wilson*, (5 *Car. & P.* 379), that a person who leaves the ordinary side of the road is bound to use more care and diligence, and to keep a better look-out to avoid concussion, than would be requisite if he were to confine himself to the proper side. It was for the jury, therefore, to say, under all the circumstances, whether the plaintiff was chargeable with negligence, having left the side-walk, in not looking behind as well as before, to avoid contact with persons riding or driving in the middle of the street. If he was, the defendant would be answerable only for negligence so wanton and gross as to be evidence of voluntary injury.

But the evidence of intoxication ought to have been received; not because the legal consequences of a drunken man's acts are different from those of a sober man's acts, but because where the evidence of negligence is nearly balanced, the fact of drunkenness might turn the scale, inasmuch as a man partially bereft of his faculties would be less observant than if he were sober, and less regardful of the safety of others. For that purpose, but certainly not to inflame the damages, the evidence ought to have been admitted.

Judgment reversed, and a *venire de novo* awarded.