# IN SPECIAL TERM, 1873.

EDWARD D. SCUDDER v. THE INDIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY.

RAILROAD—*track a warning of danger*—

NEGLIGENCE—*walking on track of railroad, of plaintiff and defendant*—

CITY ORDINANCE—*violation of, in running locomotives, and trains.*

A railroad track is of itself, notice, or warning of danger to any foot passenger crossing, or walking thereon. Such track is not constructed for a foot-way, but is to be used for running trains of cars and locomotives, propelled by an agency, and with a momentum that renders such trains and locomotives impossible of instant and complete subjection to the will of those in charge of the same.

A person who assumes to walk upon the track of a railroad, is bound to use more care and diligence, and to keep a better lookout for approaching danger, than if walking upon an ordinary road or foot-way.

On approaching a person walking upon the track of a railroad, the engineer, or person in charge of a train, or locomotive, has a right to presume that the person so walking upon the track will get out of the way. The engineer, or persons in charge of the train, must not steal upon him; and if the usual signals of approach are unheeded, and danger imminent, it is their duty to use all means at their command to stop the train and avoid injury, even to a person who is on the track without right.

A mere habit of using the tracks of a railroad with the knowledge of the railroad company, but without invitation from the company, will not lessen the degree of care required of those so using the track.

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

Where the right of a plaintiff to recover, is based on the negligence of the defendant, the plaintiff must be free from negligence contributing to the injury. The right to recover in such case does not depend upon measuring the degrees, or amount of negligence between the plaintiff and the defendant, and ascertaining which was most negligent, or whose negligence contributed most to cause the injury.

A person who is walking upon the track of a railroad, or about to step upon such track, must exercise care in looking to see if trains or locomotives are approaching, and a failure to look, under such circumstances, is negligence.

The running of a locomotive, or trains of cars, at a rate of speed declared to be unlawful by the ordinance of a city, or running the same backward without a watchman on the rear, contrary to such ordinance, is not, merely on account of the violation of the ordinance, an act indicating, or tending to prove a wilful purpose, or intent to commit an injury, if without the ordinance, the running under such circumstances would only be an act of negligence. The violation of such ordinance is not of itself evidence of anything more than negligence, and is not conclusive evidence of negligence.

If an engineer in charge of a locomotive, or train of cars, looks ahead and sees a man walking at the side of the track, it is not his duty to infer that the man will walk into danger in front of his engine when it is approaching near, and giving the usual signal of approach.

Where a person walking by the side of a railroad track, heedlessly or negligently steps upon the track in front of an approaching locomotive, he cannot recover unless those in charge of the locomotive saw his peril, or could, by the use of ordinary diligence, have seen it in time to prevent the injury, after it became apparent that he was in danger.

(The motion for a new trial was filed in Special Term, and at the request of Judge Newcomb, who heard the cause, the motion was heard by the full bench, and the following opinion rendered by Blair, Judge.—REPORTER.)

BLAIR, J.—The plaintiff was injured within the corporate limits of the city of Indianapolis, by a locomotive and ten der of the defendant, which was being run upon the track of the Cincinnati, Cleveland, Columbus & Indianapolis Railway Company. The point where the injury occurred was north of Ohio street, between Ohio and Winston streets. At the point where the plaintiff was injured, and south of it, there are two tracks, the western one used for the trains

going north, and the eastern one for the trains going south. North of the point of injury, other tracks branch off and pass to the northeast, crossing Winston street diagonally, and continue on through the square bounded on the west by Winston street, south by Ohio street, and north by New York street, crossing New York street, and entering the depot and yards of the latter company. At the west line of Winston street there are three tracks, and by the time the south line of New York street is reached, there are eight tracks. From Ohio street to Winston street the tracks pass through lots belonging to the C. C. C. & I. Railway Company, distance of sixty-five feet.

From the west line of Winston street to New York street, on the route of the tracks, the distance is five hundred and fifty feet.

The plaintiff was employed at a saw-mill north of New York street, and was familiar with the entire locality, and the manner in which the tracks were used, and knew that locomotives and trains were continually passing thereon. On the day of the injury, he started, with a companion by the name of Kirchoff, to go to some point south of Ohio street. On New York street his companion stopped to talk with one Resener, and the plaintiff walked southward on the third track from the east, continuing on that track until it became united with the western tracks, and until he reached a point on Winston street, and from there he walked between the tracks across the lots of the Company, to the point where he was injured, between Ohio and Winston streets. At the point on Winston street, where the plaintiff stepped between the two tracks, he heard a passenger train moving north on the west track (that being the one he was then on), and he stepped off to the east, a distance that he thought would be safe from any danger from the passenger train, and continued on his course southward. The locomotive of the defendant,

from which he received the injury, was backing from the yards north of New York street, and was passing upon the second track from the east; from the east line of Winston street, or before the locomotive passed upon the eastern track, there being but the two tracks at the point where the plaintiff was injured, the bell of the defendant's locomotive was ringing, but there was no one upon the tender as a lookout, and there was a backboard enclosing the back of the cab, to protect the employes from cold, it being very cold weather at the time. The space between the two tracks, where the plaintiff was walking, was such that engines and cars could pass each other, leaving a space of at least three feet seven inches between them.

The passenger train approached the plaintiff from the south, and as the engine came opposite him he stepped over toward the eastern track, approaching so near it that the locomotive and tender of the defendant, coming up behind, struck him, causing the injury complained of.

The plaintiff's companion, Kirchoff, after his conversation with Resener, on New York street, followed on after the plaintiff, and when about midway between New York and Winston streets, the defendant's locomotive and tender passed him, and the plaintiff was then not far from the middle of Winston street, or about two hundred and seventy-five feet distant. This was about the time the plaintiff heard the passenger train coming north on the track he was then walking on, and he stepped between the two tracks and kept on his course.

Kirchoff says he watched the plaintiff from the time he left New York street; he saw him step from the track the passenger train was going out on, and says: " At first he walked along right between the track the pony was on, and then he went over a little too far, and the pony was backing down and the Bee Line accommodation coming at the same time."

At the point where the plaintiff stepped off the western track and started on between the two tracks, he could, by looking back, have seen the defendant's locomotive as far back as New York street, or even two hundred feet beyond, and the line of vision could not have been perceptibly changed, or shortened, from that point to the place where he was injured. The plaintiff says he had looked back just before he was injured, but saw nothing coming from behind. Kirchoff followed the plaintiff from New York street, and says in his testimony, that he watched him and did not see him look back.

The plaintiff was in full possession of the senses of sight and hearing, and says he did not stop at all, but kept moving right along.

The engineer testifies, that when he crossed New York street, he saw the tracks all the way to the point where the plaintiff was injured, and he only saw one man, and he was walking upon the track west of the one upon which the engine was moving. The engineer and his engine, when at New York street, were about five hundred and eighty feet from the place where the plaintiff was struck. There is nothing in the evidence to show that the engineer took any further notice, until the plaintiff was injured, and the flagman signaled the engine to stop. There is some conflict in the evidence relating to the speed with which the engine was being run. The plaintiff and Kirchoff place it at about eight miles per hour; other witnesses about four. The ordinance of the city was introduced in evidence by the plaintiff, declaring that it is unlawful to run trains in the city at a greater rate of speed than four miles per hour, and also to run a train backwards without a watchman, or other person on the rear end of the train.

There was, therefore, evidence from which a jury might find, that the engine was being run at a greater rate of speed

than four miles per hour, and in considering a motion for a new trial, we will examine the case as if the jury had so found. As to the other facts, there is no conflict in the evidence, except as the testimony of the plaintiff and of Kirchoff, a witness for the plaintiff, may conflict upon the question whether or not the plaintiff looked back about the time he stepped between the two tracks.

The complaint is in two paragraphs. The first is founded upon the theory of a recovery for an injury resulting from a negligent act of the defendant's servants, without any fault on the part of the plaintiff contributing thereto. The second seeks a recovery on the ground of "careless, negligent, willful, reckless and intentional acts" of the defendant's servants, irrespective of any allegation that the plaintiff was without fault.

The cause was tried in room No. 2, and resulted in a verdict for the plaintiff. The defendant has filed a motion for a new trial, and at the request of the Judge who heard the cause, the motion was heard by the full bench.

In support of this complaint we have the following undisputed facts :

The plaintiff, knowing the manner in which the tracks were used, knowing that a great number of trains were constantly passing thereon, walked upon the line of the tracks. Seeing a train approaching upon the track he was walking on, he passed from it to the space between the two tracks, where there was barely room to stand or walk without being endangered by passing trains, and from thence he stepped within the range of cars passing upon the other track, without looking to see if there was any train about to pass thereon ; or if he did look, it was but a careless glance and availed nothing, when reasonable care in looking, would have disclosed the danger in ample time to have avoided it. The servants of the defendant, were running their loco-

motive and tender upon the track where they might lawfully run it.   It was being run at a rate of speed declared by an ordinance of the city to be unlawful; the bell was being rung, and when about five hundred and eighty feet from the point where the injury occurred, the engineer looked and saw that his track was clear, and passed on, not seeing the plaintiff until after he was injured; and there was no lookout or watchman on the rear of the tender.

Except in so far as the circumstances under which each party was placed, necessarily require it, the same rules of law apply both to the plaintiff and the defendant.   A railroad track is of itself, notice, or warning of danger, to any foot passenger crossing, or walking thereon.   It is not constructed for a foot-way, but is to be used for running trains of cars and locomotives, propelled by an agency, and with a momentum that renders such trains and locomotives impossible of instant and complete subjection to the will of those in charge, nor can they be turned aside to avoid injuring any one.

It is easy for a person who is walking, to control his steps and his course.

In cases of ordinary travel, upon a highway, it is a well recognized and wholesome rule of law, that "a person who leaves the ordinary side of the road is bound to use more care and diligence, and to keep a better lookout to avoid concussion, than would be requisite if he were to confine himself to the proper side."   *Wynn* v. *Allard,* 5 *Watts and Sergt.,* 524.

The principle contained in this rule, is much more applicable to one who assumes to walk upon the track of a railroad, where a neglect to use care is likely to be attended with more fatal results.   The purposes for which railroads are constructed and the exacting demands of the public, would be but illy served, if engineers were required, by a rule

of law, to stop on approaching within a few hundred feet of a foot passenger, and give him time to pursue his journey, or leisurely get out of the way. On approaching a person walking upon the track, the engineer has a right to presume that he will get out of the way. He must not steal upon him; and if he sees that the usual signals of approach are unheeded, and danger eminent, it is his duty to use all the means at his command to stop the train and avoid injury, even to a person who is on the track without right.

It is claimed by the defendant, that the plaintiff, in passing along the tracks on the private grounds of the Railroad Company, was a trespasser, and for that reason he cannot recover, unless the inflction of the injury, was a willful act on the part of the servants of the defendant. In view of the fact that there was evidence tending to show that, with the knowledge of the Railroad Company, persons were in the habit of passing where the plaintiff was injured, we are not prepared to say that he was a trespasser, but we would say, that a mere habit of so using the tracks, without invitation from the company, would not lessen the degree of care required of those so using them, nor would it increase the defendant's liability as far as the facts and the law of this case are concerned.

Where the right of a plaintiff to recover is based on the negligence of the defendant, the plaintiff must be free from negligence contributing to the injury. This principle is so well settled that it needs no citation of authorities. It is not questioned. It is a principle older than railroads and locomotives, and applicable as well to individuals as to corporations. It is the growth of long experience, in settling matters of difficulty growing out of the negligent acts of parties, and we are not at liberty to vary or change the rule. The right of a plaintiff to recover in such case, does not depend upon measuring the degrees, or amount of negligence, between the plaintiff and the defendant, and ascertaining which was most

negligent, or whose negligence contributed most to cause the injury complained of. The question is this : Was the defendant negligent, and was the plaintiff free from negligence that contributed to his own injury ?

How, then, stands the case of the plaintiff, on the facts about which there is no conflict ; or if conflicting, taking them most fovorably to the plaintiff and most unfavorably to the defendant ?

1st. The plaintiff voluntarily placed himself in a place of great danger, by walking on the western track of the railroad.

2d. He removed himself from that place of danger, to a place between the tracks, where, by the exercise of proper care, he was safe.

3d. He negligently stepped from that place of safety, to another place of danger, and was there injured by the locomotive and tender of the defendant.

His negligence, in the latter instance, consisted mainly in not looking, or looking so carelessly that it availed nothing, when by the exercise of care in looking, he could readily have seen the approaching danger and avoided it.

The authorities are numerous, showing that a failure to look, under such circumstances, is negligence. *Bellefontaine, &c.,* Co. v. *Hunter,* 33 *Ind.,* 335; *Toledo & etc. Co.* v. *Goddard,* 25 *Ind.,* 185; *Stout* v. *Indianapolis & St. Louis R. R. Co.,* 1 *Sup. C. Marion Co.,* 80.

This proves that there could be no recovery under the evidence, unless it was shown that the conduct of the defendant's servants was more than merely negligent, unles it was shown that their conduct was such as to warrant us in implying a willful purpose to commit the injury on the part of the servants of the defendant.

Applying the same rule as before, that is, giving the evidence the greatest force in favor of the plaintiff and against

the defendant which the rules of law will permit, and we have:—1st, The locomotive and tender were being run at a rate of speed declared to be unlawful by an ordinance of the city; 2d, The locomotive was being run backwards, and there was no watchman on the rear of the tender; 3d, The engineer in charge was negligent in not looking out to avoid injuring any one.

The locomotive was not being run at a rate of speed that could, under the circumstances, be considered reckless, nor is it clear that it was a violation of the ordinance to run it backwards without a watchman on the rear of the tender.

The ordinances in evidence were evidently passed for the purpose of protecting persons from injury by the running of trains at an unsafe speed, and without proper care to avoid injury to persons and property; and such ordinances should be enforced.

The violation of these ordinances does not necessarily result in injury, nor is it necessary that an injury should result, in order to constitute a violation.

Their violation does not, merely on account of the violation, change the act which is declared to be unlawful, from an act of negligence, (if without the ordinance it would only be an act of negligence,) to that of an act, indicating, or tending to prove, a willful purpose, or intent, to commit an injury. Similar ordinances and statutes are not uncommon. In many of the States, a penalty is imposed by statute, upon railroad companies, if they neglect to ring the bell upon their engines, a certain distance before reaching a road-crossing. While numerous cases have arisen, where parties have been injured, and the defendant was guilty of violating similar statutes and ordinances, we have found none where such violation has, of itself, been held to be evidence of anything more than negligence; and such violations are not even conclusive evidence of negligence. *Taffe* v. *Madison & I. R.*

*R. Co.,* 37 *Ind.,* 361; *Ernst* v. *Hudson River R. R. Co.,* 35 *N. Y.,* 9; *Wright* v. *Malden &c., R. R. Co.,* 4 *Allen,* 243; *Sherman and Redfield on Negligence, p.* 543, § 485; *Langhoff, Admr.* v. *The Milwaukee & Prairie DuChien R. R. Co. et al.* 19 *Wis.,* 489; *Brown* v. *Buffalo &c. R. R. Co.,* 22 *N. Y.,* 191; *The Augusta & Savannah R. R. Co.* v. *McElmurry,* 24 *Ga.,* 75.

While, for .the purpose of putting the facts as strongly as possible against the defendant, we have said that the engineer was negligent in not looking out to avoid injury to any one, it is impossible to construe it into anything more than negligence. An engineer and fireman have other duties to perform, as well as to look to the track ahead of them, and it would be applying a rule of difficult, if not impossible, application, to say that one or the other of them should continually be looking along the track. The engineer says, that on crossing New York street he did look, and saw that the track he was using, was clear beyond the point where the injury occurred. There is nothing in the evidence, that tends to cast a doubt upon the truth of this statement. He says he saw one man, but he was not on his track. He had no reason to assume, nor was it his duty to infer, that the man he saw, or any one else, would walk into danger in front of his engine, when it was approaching so near, and giving the usual signal of approach by ringing the bell.

The track on which the locomotive and tender was being run, was clear, and there was no one in danger, or imminent peril, until the plaintiff, by less than the distance of one step, placed himself in danger, and that, so suddenly, that the engineer could not have stopped his engine in time to have prevented the injury. If the engineer had been carefully watching the plaintiff all the time, he would have seen that he was in a place, where he might be passed in safety, and as before stated, he would not, under such circumstances, be bound to infer that the plaintiff would suddenly step so near his track as to be in danger.

There has been some uncertainty and confusion in the adjudged cases, in attempting to define the right of the plaintiff to recover, though he has himself been negligent. Much of this has arisen from the incautious use of terms and expressions, in cases where the question was unimportant. It is not necessary in this case, to make a critical examination of this question. Cases where a recovery under such circumstances is possible, do not often occur, and an attempt to bring every case within the rule permitting such recovery but serves to confuse, without accomplishing any good purpose.

In the case of *Bellefontaine, etc., Co.* v. *Hunter, supra,* it is said, that where the plaintiff has been negligent there can be no recovery, "unless the railroad company has been guilty of such conduct as will imply an intent or willingness to cause the injury; and this can only be attributed where the company has notice of the particular emergency in time, by the use of ordinary diligence, the means being at hand, to avoid a collision."

The latter part of the seventh instruction given by the Court, in this case, is to the same effect, and is a correct and clear statement of the law. It reads as follows:

"It is important to inquire at this point whether the space between the two tracks was sufficient there, to enable the plaintiff to avoid danger from the passenger train, without approaching so near the other track as to be in danger from trains that might pass on the latter. If there was such sufficient space, and the plaintiff heedlessly or negligently went so near the latter track as to meet the injury of which he complains, or could by the use of his sense of sight or hearing have discovered the approach of defendant's locomotive, then his carelessness was such as to preclude a recovery in this action, unless the persons in charge of defendant's locomotive saw his peril, or could, by the use of ordinary dili-

gence, have seen it in time to prevent the injury, *after it became apparent that he was approaching the track too close for safety.*"

In this connection we refer also to the language of the Court in the case of *The Northern Central Railway Co.* v. *The State*, 31 *Md.*, 357, at *p.* 366.

"But it is true that, in some cases, there may be negligence in both parties concerned, and yet an action may be maintained; but in such cases it must appear either that the defendant might, by a proper degree of caution, have avoided the consequences of the injured parties, neglect, or that the latter could not, by ordinary care, have avoided the consequences of the defendant's negligence. This, however, implies time for the one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other's negligence. But where there is a concurrence of negligence of both in the production of injury to one of the parties, the causes are commingled, and are regarded as equally proximate to the effect produced, and are therefore not susceptible of apportionment."

Many other cases might be cited of the same purport. Under the rule, as thus defined, the facts in the case at bar do not show an "intent or willingness," to cause the injury received by the plaintiff.

The acts of the defendant's servants were acts of negligence and nothing more, and hence there could be no recovery on the second paragraph of the complaint.

We have not given the instructions a critical examination; but in the main they are undoubtedly correct. The eighth, given by the court, reads as follows: "8. If the plaintiff was walking by the side of the track upon which defendant's engine approached him, and not on it, the employes of the defendant were not required to anticipate that he would step upon the track or within the reach of defendant's engine,

and had a right to assume that he would not step upon the track, or within the reach of the engine, and if just as the engine approached him he stepped upon the track or within the reach of the engine, and if promptly, upon the signal of danger being given, the defendant's employes stopped the engine, but the time was so short that the plaintiff was, notwithstanding this, injured, he can not recover on the first paragraph of the complaint."

The state of facts on which the instruction was based follows those which were clearly proven in the cause, and preclude a recovery equally as well upon the second as upon the first paragraph of the complaint. Limiting their application to the first paragraph, may have led the jury to infer that they had no application to the second; and that the recovery upon the second was still an open question, though these facts were found to be true; there being no similar instruction applied to the second paragraph of the complaint.

We are, therefore, of opinion that the motion for a new trial should be sustained.

---

NOTE.—The Court, in Special Term, upon its own motion, instructed the jury as follows:

1. "It has been conceded in the argument by the defendant's counsel that the plaintiff was struck by the tender of a locomotive belonging to and used by the defendant; that the plaintiff was knocked down by the stroke, and that the tender and locomotive passed over his arm, crushing it so that amputation of the injured member became necessary.

It is also undisputed that the accident or injury occurred on a part of the track of the Cincinnati, Cleveland, Columbus & Indianapolis Railway Company, more briefly known as the Bellefontaine Railroad Company, in the city of Indianapolis, so on these points you will have no difficulty in coming to a conclusion.

2. A question has been raised in the argument whether defendant's locomotive had a right to be in the place where plaintiff was injured.

If defendant was using said track by the consent, express or implied, of the company owning the same, for the purpose of transferring freight cars from one part of the city to another, or for any other lawful purpose, then

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

defendant was, for the time being, in the lawful possession of the track, and had the same rights there, as to strangers, as the corporation owning the road would have had if the locomotive belonged to it instead of the defendant.

3. Some question has been made, also, as to whether the plaintiff was not unlawfully trespassing upon the railroad track at the time and place where he was injured. If you find that the injury happened on the private grounds of the Bellefontaine Company, and not on a public highway, the plaintiff was a trespasser, unless he was there by the express or implied license of that company; but if you find, from the evidence, that the railroad track, and the spaces between them at that point, had, for a long time previous, been freely used by pedestrians who had occasion to pass from Washington or Ohio streets to the neighborhood of the Bellefontaine freight depots and shops, and that such use had been acquiesced in by said company, without protest or warning against it, you will be authorized to infer a license by said company for such use of its tracks, subject, of course, to the free and unobstructed use of said tracks for railroad purposes.

4. But a person so entering upon a railroad track at such a place, must observe care and caution for his own safety proportioned to the danger he incurs by this act, and must not omit any reasonable precaution to avoid contact with trains upon the road.

5. To enable the plaintiff to recover on the first paragraph of his complaint, you must find, from the evidence, that the defendant's servants, at the time the plaintiff was injured, ran said locomotive carelessly and negligently, and that the plaintiff was not himself guilty of any negligence that directly contributed to the injury.

6. What is negligence in this case depends on the circumstances surrounding the transaction, the place where the act complained of occurred, the degree of danger likely to be incurred by using the railroad as a footway; and in regard to the acts of the plaintiff which are imputed to him by the defendant as negligence, on the previous knowledge he had of the extent to which the tracks were usually employed in the passage of trains, the frequency and regularity, or irregularity, of such trains, and the facilities for seeing the tracks in each direction from him, and for seeing trains approaching in either direction thereon.

Did the plaintiff know that locomotives and trains very often passed in both directions along the part of the road he was on when injured, and at irregular intervals? If he did, then greater care and caution was required of him than if he had been on a track where trains were infrequent, or when they came at regular intervals, and he entered upon the track between such intervals; and, on the other hand, if foot passengers were frequently met at the place where plaintiff was injured, greater care was required of the defendant to prevent injury than would be requisite in places where

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

foot passengers were seldom met, and would not reasonably be expected to be found on the track.

7.   One of the uncontroverted facts in this case is, that the plaintiff started to walk down the railroad to Ohio street on a track other than the one upon which he received the injury; that between New York and Ohio streets he saw a passenger train of the Bellefontaine Company approaching him; that to get out of its way, he stepped off that track into an open space between that and the track to the southeast, and that in avoiding the passenger train, he approached so near to the latter track as to bring his person in contact with the tender of the defendant's locomotive, which was backing down toward Ohio street, and thus received the injury complained of.

It is important to inquire at this point whether the space between the two tracks was sufficient there to enable the plaintiff to avoid danger from the passenger train, without approaching so near the other track as to be in danger from trains that might pass on the latter.   If there was such sufficient space, and the plaintiff heedlessly or negligently went so near the latter track as to meet the injury of which he complains, or could by the use of his sense of sight or hearing have discovered the approach of defendant's locomotive, then his carelessness was such as to preclude a recovery in this action, unless the persons in charge of defendant's locomotive saw his peril, or could, by the use of ordinary diligence, have seen it in time to prevent the injury *after it became apparent that he was approaching the track too close for safety.*

8.   If the plaintiff was walking by the side of the track upon which defendant's engine approached him, and not on it, the employes of the defendant were not required to anticipate that he would step upon the track or within the reach of defendant's engine, and had a right to assume that he would not step upon the track or within the reach of the engine, and if, just as the engine approached, he stepped upon the track or within the reach of the engine, and if promptly, upon the signal of danger being given, the defendant's employes stopped the engine, but the time was so short that the plaintiff was, notwithstanding this, injured, he can not recover on the first paragraph of the complaint.

9.   At the point where the plaintiff was walking at the time of the injury, the railroad company was entitled to the exclusive use of the road bed and tracks, and the plaintiff was bound to take notice of this right, and that the use to which the railroad company put it was one of great danger to passers.   He was bound to use his senses of sight and hearing to anticipate the approach of engines, and if, with careful use of those senses, he might have known that the defendant's engine was approaching, and did not, he was guilty of such negligence as will prevent a recovery on the first paragraph of the complaint.

10.   Certain ordinances of the city of Indianapolis have been put in

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

evidence limiting the speed at which railroad trains may run through or in said city, and also requiring trains, in backing, to have a watchman or person on the rear of the train in order to avoid accidents. It was the duty of the defendant to observe those ordinances, and the public had a right to expect obedience to them, and if you find that the injury to the plaintiff was occasioned by the failure of the parties in charge of defendant's locomotive to observe the requirements of those ordinances, or either of them, and there was no want of ordinary care on his part to avoid the injury, then you should find for the plaintiff; but if you believe, from the evidence, that the injury would have occurred all the same if said ordinances had been obeyed, then the ordinances can add nothing to the defendant's liability in this case, and you will decide it on the general principles I have laid down, irrespective of such ordinances.

11. In short, the law exacts ordinary care on the part of a railroad company in the running of its trains, and the same degree of care is required of persons going upon the railroad track. If an injury occurs by the want of this degree of care on the part of the company, in a case like the present, and ordinary care is used by the injured party to avoid danger, the latter has a right to recover such damages as he may sustain by the careless act of the railroad company; but if the carelessness of the injured party immediately contributed to the injury, he can not recover. A plaintiff can not recover in a case like this, on the ground of any negligence, if it appears that by the want of ordinary care or prudence on his part, he directly contributed to the injury, or, in other words, if by the exercise of ordinary care and prudence he might have avoided the injury.

Where negligence is the issue, it must be unmixed negligence to justify a recovery; and if both parties, by their negligence, immediately contributed to produce the injury, neither can recover.

12. The second paragraph of the complaint does not claim that the plaintiff was without fault, but the right of recovery is based on the ground of the willful or wanton misconduct of the servants of the defendant. To sustain this paragraph of the complaint, the evidence must satisfy you by a fair preponderance, of the truth of one at least of the following propositions:

1. That the person or persons in charge of defendant's locomotive, purposely ran over the defendant, when the engine might have been stopped in time to prevent the injury; or,

2. That the servants of the defendant were ignorant of the presence of plaintiff on the track, but were running the locomotive, in a manner so wanton and reckless, as to show a willingness on their part to run over any and all persons who might get on the track, without using any diligence to prevent injury to them, indifferent whether such parties were run over or not.

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

In the language of our Supreme Court in another railroad case: "Recklessness in the management of the train is such gross negligence as is utterly regardless of consequences."

If you find from the evidence that the injury to the plaintiff was willfully, that is, purposely, inflicted by defendant's servants, or that if not purposely done in the given case, their conduct was so wanton and reckless of consequences as to imply a willingness to run over any person who might get upon the track, then you should find for the plaintiff on the second paragraph, but not otherwise."

To the giving of these instructions, and each of them, the defendant, at the proper time, excepted.

The Court instructed the jury upon the plaintiff's motion as follows:

10. "If you find a verdict for the plaintiff, he is entitled to recover not only the damages which he suffered prior to the commencement of this action, but also all damages proceeding continuously from the injury complained of, which he has suffered to the present time, and all which it is reasonably certain that he will suffer in the future. In arriving at the amount of such damages you will take into the account the value of the time lost by him in consequence of such injury ; a fair compensation for the physical and mental suffering caused by the injury to the present time, and for such suffering in the future (if any) as the evidence renders it *reasonably certain* must necessarily result from the injury; and any permanent reduction of his power to earn money, taking into consideration the health and physical and mental ability ·of the plaintiff before the injury complained of as compared with his condition afterwards in consequence of the injury, and how far such disability is permanent in its results ; and upon the whole allow him such damages as in your opinion will fairly compensate him for the loss and injury which you may find he has so sustained. And should you believe, from the evidence, that the carelessness of the defendant in causing such injury was so gross as to amount to reckless and willful negligence, you may then add to the damages found, as compensation, such additional sum, by way of punishment to the defendant and example to others, as you may think the circumstances of the case demand, not exceeding in the aggregate the amount demanded in the plaintiff's complaint."

. To the giving of this instruction the defendant, at the proper time, excepted.

***

Council for defendant, by brief, argued.

In defining *negligence*, in *Shearman and Redfield on Negligence*, ₹ 2, it is said:

"Negligence, in correct legal phraseology, is more nearly synonymous with carelessness than with any other word. It signifies, primarily, want

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

of care, caution, attention, diligence, skill, or discretion, in the performance of an act, by one having no positive intention to injure the person complaining thereof. Where such an intention exists, the act ceases to be merely negligent, and becomes one of violence or fraud. The secondary meaning of 'negligence' includes every omission to perform a duty imposed by law for the avoidance of injury to persons or property."

*Ordinary care*, is that degree of care which a person of ordinary prudence is presumed to use, under the particular circumstances.

(*Toledo, etc., Co.* v. *Goddard*, 25 *Ind.*, 185; *Maynard* v. *Buck*, 100 *Mass.* 40; *Barrow* v. *Eldridge, Id.*, 450; *Cass* v. *Boston, etc., Co.*, 14 *Allen*, 448; *Shaw* v. *Boston, etc., Co.*, 8 *Gray*, 45; *Shrewsbury* v. *Smith*, 12 *Cush.*, 177; *Sullivan* v. *Scripture*, 3 *Allen*, 564; *Cayzer* v. *Taylor*, 10 *Gray*, 274; *Johnson* v. *Hudson River, etc., Co.*, 6 *Duer*, 633; *Ernst* v. *Hudson River, etc., Co.*, 35 *N. Y.*, 9–27.)

There is a difference between the degrees of care required in particular cases.

For instance, the highest degree of care is required of a carrier of passengers, while only ordinary care is required of a railroad company in its relations to a person crossing the track at a public crossing.

A failure to exercise this high degree of care in favor of a passenger, and ordinary care in favor of a passer at a highway, will render the railway company responsible, where there is no fault on the part of the injured party.

The character of the negligence varies with the degree of care required, in the cases stated. Where the degree of care required in a particular case is ascertained, the law fixes what constitutes such negligence as will render the railway company liable to the injured party. In such case there are no degrees of negligence.

And when the railway company, in a particular case, is guilty of that degree of negligence which renders it liable for the act or omission complained of, there is no legal measure by which it can be distinguished from another degree of negligence, so that one can be called *ordinary* and another *gross* negligence.

The addition of the word *gross* is merely describing *ordinary* negligence, with a vituperative epithet, and has no legal significance.

(*Wilson* v. *Brett*, 11 *M. & W.*, 113; *Beal* v. *South Devon Railway Co.*, 3 *H. & C.*, 337; *Grill* v. *The General Iron Screw Collier Co.*, L. R. 1, C. P. 600; *Hinton* v. *Dibbin*, 2 *Q. B.*, 646; *Austin* v. *Manchester, etc., Co.*, 10 *C. B.*, 454, 474; *McPheeters* v. *The Hannibal, etc., Co.*, 45 *Mo.*, 22; *New World* v. *King*, 16 *How.*, (*U. S.*) 474; *Evansville, etc., Co.* v. *Lowdermilks*, 15 *Ind.*, 120; *Grill* v. *Middleton*, 105 *Mass.* 477.)

The words *reckless* and *wanton* indicate a degree of wrong, lower in degree than *willful*.

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

If, therefore, the defendant would not be liable for a *willful* injury unless. the plaintiff's danger was known, and the defendant could have avoided injuring him and omitted to use the means possessed for its accomplishment, there could not be liability for a *reckless* or *wanton* injury, unless the same knowledge and omission existed.

Where negligence is the issue, it must be a case of unmixed negligence to authorize a recovery.

(*The Toledo, etc., Co.* v. *Goddard*, 25 *Ind.*, 185 ; *Newhouse* v. *Miller*, 35 *Ind.*, 463 ; *Indianapolis, etc., Co.* v. *Harter*, 38 *Ind.*, 557 ; *Bellefontaine, etc., Co.* v. *Hunter*, 33 *Ind.*, 335 ; *Waters* v. *Wing*, 59 *Penn. St.*, 211 ; *Catawassa, etc.,- Co.* v. *Armstrong*, 49 *Penn. St.*, 186 ; *Indianapolis, etc., Co.* v. *Rutherford*, 29 *Ind.*, 82 ; *Shearman & Redfield on Negligence*, ? 34.)

The plaintiff can not recover if he omitted to use his senses of sight and hearing.

(*Bellefontaine, etc., Co.,* v. *Hunter*, 33 *Ind.*, 335 ; *Toledo, etc., Co.,* v. *Goddard*, 25 *Ind.*, 185 ; *Burns* v. *Boston, etc., Co.*, 101 *Mass.*, 50 ; *Allyn* v. *Boston, etc., Co.*, 105 *Mass.*, 77 ; *Barker* v. *Savage*, 45 *N. Y.*, 191 ; *Gorton* v. *Erie, etc., Co.*, 45 *N. Y.*, 661 ; *Railway Company* v. *Whittan*, 11 *Wall.*, 270 ; *Morris, etc., Co.,* v. *Haslan*, 4 *Vroom*, 147 ; *Hewett* v. *New York, etc., Co.*, 3 *Lansing*, 83 ; *Stout* v. *Indianapolis, etc., Co., Wilson's Superior Court Rep.*, 1, 80 ; *North Pennsylvania, etc., Co.,* v. *Heilman*, 49 *Penn. St.*, 60 ; *Ohio, etc., Co.,* v. *Eaves*, 42 *Ill.*, 288.)

The mere fact that the public were in the habit of passing where the plaintiff was injured, without invitation on the part of the company, imposes no restriction upon the company as to the manner of using its tracks, and does not increase the company's liability.

(*Hounsel* v. *Smith*, 7 *C. B.* (*N. S.,*) 731 ; *Binks* v. *South Devon, etc., Co.*, 3 *Best & Smith*, 2 *Q. B.*, 244; *Sweeny* v. *Old Colony, etc., Co.*, 10 *Allen*, 368 ; *Zorbisch* v. *Tarbell*, 10 *Allen*, 385 ; *Nicholson* v. *The Erie, etc., Co.*, 41 *N. Y.*, 525 ; *Holmes* v. *The Central, etc., Co.*, 37 *Geo.*, 596 ; *The Little Schuylkill, etc., Co.,* v. *Norton*, 24 *Penn. St.*, 465 ; *Gillis* v. *Pennsylvania, etc., Co.*, 59 *Penn. St.*, 129 ; *Philadelphia, etc., Co.,* v. *Spearen*, 47 *Penn. St.*, 300 ; *Philadelphia, etc., Co.,* v. *Hummel*, 44 *Penn. St.*, 375 ; *Flower* v. *Pennsylvania, etc., Co.*, 69 *Penn. St.*, 210 ; *Hickey* v. *The Boston, etc., Co.*, 14 *Allen*, 429 ; *Lucas* v. *New Bedford, etc., Co.*, 6 *Gray*, 64 ; *Gavit* v. *Manchester, etc., Co.*, 16 *Gray*, 501 ; *Shearman & Redfield on Negligence*, ?? 38, 491, 493.)

Being on a railroad track, where he had no right to be, was negligence, contributing to the injury.

(*Railroad* v. *Norton*, 24 *Penn. St.*, 465 ; *Heil* v. *Glanding*, 42 *Penn. St.*, 493; *Shearman & Redfield on Negligence*, ? 38, ? 493 ; *Evansville, etc., Co.,* v. *Hiatt*, 17 *Ind.*, 102 ; *Philadelphia, etc., Co.,* v. *Hummel*, 44 *Penn. St.*, 375 ; *Singleton* v. *Eastern Counties, etc., Co.*, 7 *C. B.* (*N. S.,*) 287).

At a highway crossing even the rights of the railway company are supe-

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

rior to those of the public. *Warner* v. *The New York, etc., Co.*, 44 *N. Y.*, 366.

In the case of *Bellefontaine, etc., Co.*, v. *Hunter*, 33 *Ind.*, 335, the true principle is stated thus, on page 364:

"We think the law may be regarded as fixed, that no neglect of duty on the part of a railroad company will excuse any one approaching such a crossing from using the senses of sight and hearing, where these may be available, and injury where the use of either of such faculties would have given sufficient warning to enable the party to avoid the danger, conclu-sively proves negligence, and there can be no recovery, unless the railroad company has been guilty of such conduct as will imply an intent or will-ingness to cause the injury; and this can only be attributed where the com-pany has notice of the particular emergency in time, by the use of ordinary diligence, the means being at hand, to avoid the collision."

Referring to the case of *The Indianapolis, etc., Co.*, v. *McClure*, 24 *Ind.*, 370, and the extract from *Redfield* set out in it, the Court say:

"In *The Indianapolis & Cincinnati R. R. Co.* v. *McClure*, 26 *Ind.*, 370, where the action was for killing stock, a quotation is made from Redfield on Railways, an author whose language it were well always to carefully weigh, stating that this willingness to injure is always to be attributed to the defendant, if he might have avoided injuring the plaintiff, notwith-standing his own negligence. The decision, however, was an express con-tradiction of this rule; for it is admitted that the company, in that case, were guilty of carelessness in running their train at too great speed, and yet they were held not liable. The reporter inadventently carried into the syllabus this erroneous statement of the law, the use of which was simply incidental and not material to the decision. Such a doctrine would require the exercise of the highest degree of diligence on the part of the defendant to protect the plaintiff from the consequences of his own negligence."

In the case of *Pittsburgh, etc., Co.* v. *Vining's, Adm'r*, 27 *Ind.*, 513, an action was brought by the administrator of an infant of seven years of age, which was run over and killed by appellant's cars at a public crossing or highway over the railway track.

It was alleged that the infant was casually upon the railway track, with-out the fault or neglect of his parents.

The complaint, among other things, alleged, that while the child was upon the track "at said public crossing, as aforesaid, he could be distinguished by the agents and servants of said defendant, then running said locomotive and train, for a distance of more than half a mile from said crossing, within which distance said locomotive and train could have been stopped, yet the defendant wrongfully, negligently and carelessly, without giving any warn-ing, or in any way attempting to stop said train, and while said child might have been, and was, seen by the defendant's servants then running said

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

locomotive and train, ran the said locomotive and train against and over the said child," etc.

To this complaint a demurrer was filed.

The court say, on page 516 :

" It seems to us that the unnecessary exposure to known danger of a child incapable of exercising the care and judgment of mature years, is in itself an act of negligence on the part of the parent sufficient to defeat a recovery, unless the injury be willful. The demurrer assigning for cause the insufficiency of the facts stated in the complaint was, we think, properly overruled, the complaint expressly denying such neglect."

The draftsman of the complaint recognized the fact, that the presence of the child upon the track, unexplained, was negligence, and that there could be no recovery unless he showed that he was seen upon the track by the employes of the company in time to have checked the train and saved it, and omitted to do so.

And the court take the same view of the case, and hold, that in such case the omission of duty on the part of the company must be of the character mentioned in the complaint.

With this complaint and ruling before them, the court say, on overruling the petition for a rehearing on page 519 :

" In overruling the petition for a rehearing, we regard it as proper to state, that upon the original consideration of the case, a majority of the court were of opinion that the judgment should be reversed upon the additional ground that the finding was not sustained by the evidence. In deference to a doubt then expressed by one of the judges, the reversal was placed in the opinion upon the sole ground on which we stood together. A fuller consideration has satisfied us all that the child, for whose death the action was brought, was unnecessarily exposed by his parents to the danger which caused his death, and against which his judgment was too immature to afford him protection, under such circumstances, to sustain the action, the evidence must have shown such recklessness on the part of the appellant, as would imply a willingness to inflict the injury. This, the proof did not establish."

This principle is also decided in the case of *The Lafayette, etc., Co.* v. *Huffman*, 29 *Ind.*, 287.

In the case of the *Evansville, etc., Co.*, v. *Hiatt*, 17 *Ind.*, 102, which was an injury to a person walking upon the track, it was held, that it was negligence to be there, and the rule of liability is stated by the Court:

" It is time that the public should begin to be aware that a railroad track is not a highway for general travel. As the injured party, then, was in fault, in continuing so long upon the track, if not, indeed, in going upon it at all, under the circumstances, and the railroad operatives, after they discovered the condition of the persons, were guilty of no neglect in trying to

Scúdder *v.* The Indianapolis, Peru & Chicago Railway Company.

avoid the collision, the plaintiff can not recover.  *Wright* v. *Brown*, 4 *Ind.*, 95; *Wright* v. *Gaff*, 6 *Ind.*, 416; *The Pittsburgh, etc., Railroad Co.* v. *Karns*, 13 *Ind*, 87; *The Indiana, etc., Railroad Co.,* v. *Hudelson, Id.*, 325; *The Evansville, etc., Co.* v. *Lowdermilk*, 15 *Ind.*, 120.  It seems that where a plaintiff is in fault, but that the defendants are aware of it in time to avoid injuring him by reasonable diligence, their want of diligence is held to be, alone, the proximate, the immediate cause of the injury."

*Mr. Redfield*, in the first volume of his work on railways, §133, chapter, 5, sub-section 4, states:

"If the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, plaintiff may recover, notwithstanding his own ordinary neglect.  And this is always to be attributed to defendant, if he might have avoided injuring plaintiff, notwithstanding his own negligence."

In this, no means is given a court or jury, of ascertaining what kind of act or omission, on the part of a defendant, passes beyond that negligence that authorizes a recovery where the plaintiff has not contributed to his injury, and becomes "so wanton, and gross" as to authorize a recovery notwithstanding the negligence of the plaintiff.

Is it proper to give the jury this in charge, as the law, in every case where negligence is shown on the part of defendant?

If it is, all negligence becomes of this "wanton and gross" character.

For no principle is furnished, enabling a court or jury to apply it to the proper case, and a jury will apply it to every case.  No rule can be said to be good law, that is not capable of a reasonably practical application. It can not be proper to leave this question to the unguided discretion of a jury; it might as well be submitted to a mob.  If it is not to be given in charge in all cases, then it can not be given at all, because we have no means of ascertaining the character of a case in which it should be given.

*Mr. Redfield* says, the defendant is to be held responsible as for this character of negligence in all cases where it "might have avoided injuring plaintiff."  Now, in every case of injury, the defendant might avoid injuring the plaintiff.  To accomplish this, the defendant has only to do, or omit to do, the act; the omission to do, or the doing of which, causes the injury

The writer evidently did not, we suppose, intend to apply this rule to all cases of injury by negligence.

In the very qualification he makes, is it not implied that the defendant knew of the danger that the plaintiff was exposed to, and seeing his peril, omitted to use the means necessary to his protection, when in its power to do so?

The word *wanton* is evidently used by *Mr. Redfield* in the sense of *wilful*

16

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

and, taken in connection with the qualification before referred to, would free his proposition from objection.

He cites as authority for the proposition quoted *Wynn* v. *Allard,* 5 *Watts & Serg't,* 524, *and Kerwhaker* v. *The Cleveland, etc., Co.,* 3 *Ohio St.,* 172.

In the case of *Wynn* v. *Allard,* the plaintiff was walking in the middle of one of the most frequented streets in the town of *Wilkesbarre,* where there were sidewalks for footmen, when the defendant, in driving his horses in a sleigh rapidly along, ran against him, and injured him.

The court below instructed the jury, that if the injury done to the plaintiff was in consequence of the negligence of the defendant alone, he was entitled to recover damages, but if it was occasioned partly by the negligence, and carelessness of both parties, the plaintiff was not entitled to recover.

The court say :

" The direction was right."

Also, " that a person who leaves the ordinary side of the road is bound to use more care and diligence, and to keep a better lookout to avoid concussion than would be requisite if he were to confine himself to the proper side. It was for the jury, therefore, to say, under all the circumstances, whether the plaintiff was chargeable with negligence, having left the sidewalk, in not looking behind, as well as before, to avoid contact with persons riding, or driving in the middle of the street. If he was, the defendant would be answerable only for negligence, so wanton, and gross, as to be evidence of voluntary injury."

This case concedes, that in the street the plaintiff was bound to more care and diligence than would be required upon the sidewalk, but submits to a jury the question, whether there was negligence on the part of the plaintiff to omit looking behind, as well as before, to avoid injury.

This is inconsistent with all the modern cases upon the subject, in *Pennsylvania* and elsewhere.

The rule is, to assume as a matter of law, that such omission is negligence preventing a recovery.

In *Cotton* v. *Wood,* 8 *C. B.,* (*N. S.*) 568, and *Barker* v. *Savage,* 45 *N. Y.,* 191, this was expressly ruled.

There are no facts stated in the opinion, to which the portion of the opinion relating to wanton, and gross negligence could apply, so that the character of case to which it would apply can not be ascertained, and we are compelled to look to other cases to see what the judicial understanding of it is.

In *New Jersey Express Co.* v. *Nichols,* 4 *Vroom.,* 434–439, it is said :

" But if the plaintiff's negligence is established, the comparative degrees of negligence of the parties is immaterial, for that it is impossible to say, that, without such fault on his part, the occurence would have happened. The injury must be attributable to the defendant's negligence, and to that

alone; if occasioned in any degree by the plaintiff's own negligence, he is without redress."

\* \* \* \* \* \* \* \* \* \*

" Unless the act of the defendant amounted to *wilful trespass* or *intentional wrong.* (*Brownell* v. *Flagler,* 5 *Hill,* 582; *Wynn* v. *Allard,* 5 *W. & S.,* 524; *Vandegrift* v. *Rediken,* 2 *Zab.,* 185–189.")

This case shows what the Supreme Court of *New Jersey* understood to be the meaning of the language used in *Wynn* v. *Allard.*

In the case of *Kerwhaker* v. *The Cleveland, etc., Co.,* it is assumed that the employes of the company saw the hogs of the plaintiff upon the track, and were aware of their danger, and could have avoided injuring them by checking the train, and failed to do so. It was also held, that under the *Ohio* law, a person was not required to confine his stock, and that there was no negligence on the part of the plaintiff in permitting them to run at large. The point involved in the case is stated by the Court on page 199 :

"The Court of Common Pleas, however, in this case, refused, upon request, to charge the jury that the agents of the defendant were held to the exercise of *ordinary care and caution,* to avoid injury to the plaintiff's property thus upon the railroad, but on the contrary, charged that the hogs being unlawfully on the road, the defendant's agents were not required to check the speed of the train, and avoid injury to the animals, even if they could easily and readily have done so."

In this connection we refer also to the case of *The Northern Central Railway Co.* v. *The State,* 31 *Md.* 357.

The Court say, on page 366:

" But it is true that, in some cases, there may be negligence in both parties concerned, and yet an action may be maintained; but in such cases, it must appear] either that the defendant might, by a proper degree of caution, have avoided the consequences of the injured parties' neglect, or that the latter could not, by ordinary care, have avoided the consequences of the defendant's negligence. This, however, implies time for the one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other's negligence. But where there is a concurrence of negligence of both in the production of injury to one of the parties, the causes are commingled, and are regarded as equally proximate to the effect produced, and are therefore not susceptible of apportionment."

Where there is negligence upon the part of the plaintiff, he can only recover, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injury to him.

(*Shearman & Redfield on Negligence,* 2 *edition,* §§ 25, 36, 37. *Harty* v. *Central, etc., Co.,* 42 *N. Y.* 468; *Philadelphia, etc., Co.* v. *Spearen,* 47 *Penn. St.,* 300; *Philadelphia, etc., Co.* v. *Hummel,* 44 *Penn. St.,* 375; *New Jersey Express Co*. v. *Nichols,* 4 *Vroom,* 434, 439 ; *Northern Central Railway Co.* v. *The State,* 31

---

Scudder *v.* The Indianapolis, Peru & Chicago Railway Company.

---

*Md.*, 357, 366; *Murphy* v. *Dean*, 101 *Mass.*, 455, 463; *Finleyson* v. *The Chicago, etc., Co.*, 1 *Dillion, C. C. R.*, 579; *Herring* v. *Wilmington, etc., Co.*, 10 *Ired. (Law)* 402; *Poole* v. *North Carolina, etc., Co.*, 8 *Ired. (Law)* 340; *Felder* v. *Railway Co.*, 2 *McMullen*, 403; *Richardson* v. *Wilmington, etc., Co.*, 8 *Rich., (Law)* 120; *Sims* v. *Macon, etc., Co.*, 28 *Ga.*, 93; *Holmes* v. *The Central Railway Co.*, 37 *Ga.*, 596; *Brownell* v. *Flagler*, 5 *Hill.*, 382.)

It is not sufficient that the defendant's *act* was the cause of the plaintiff's injury; it must also have been its negligence. Therefore, if the injury to the plaintiff would have occured, if the defendant had not been negligent in the particulars charged, there can be no recovery.

(*Pittsburgh, etc., Co.* v. *Karns*, 13 *Ind.*, 87; *Bellefontaine, etc., Co.* v. *Bailey*, 11 *Ohio St.*, 332.)

The correctness of instructions must be tested by the facts to which the jury are required to apply them.

(*Pond* v. *Williams*, 1 *Gray*, 630; *Brightman* v. *Eddy*, 97 *Mass.*, 478; *Markey* v. *Mutual, etc., Co.*, 103 *Mass.*, 79.)

Punitive damages can only be recovered in a case of this character where the injury is wilful.

(*Heil* v. *Glanding*, 42 *Penn. St.*, 493.)

*Gordon, Browne & Lamb*, and *Barbour, Jacobs & Williams*, for plaintiff.

*Baker, Hord & Hendricks*, and *David Moss*, (of Noblesville) for defendant.