TIMOTHY BURNS *vs.* BOSTON & LOWELL RAILROAD COMPANY.

At the trial of an action against a railroad company to recover for personal injuries to the plaintiff, it appeared that an engine and cars were on a side track of the defendants, and one of the cars was to be loaded with lumber by N. & Co. who had a contract with the defendants for its transportation; that the plaintiff, being employed by N. & Co. to assist in placing the car opposite to their lumber, which was on an adjacent wharf of the defendants, uncoupled the car and pushed it opposite to the lumber, not knowing that there was an engine on the track; that, in uncoupling the cars, he went between them that he pushed the car down, walking on the track; and that the defendants' servants

backed the engine and other cars upon him, and he was jammed between the bunters of the cars and injured. *Held.* that these facts disclosed such negligence on the part of the plaintiff as to prevent him from recovering against the defendants.

TORT to recover damages for a personal injury alleged to have been caused to the plaintiff by the carelessness of the defendants' servants. The case was tried in the superior court, before *Wilkinson,* J., who allowed the following bill of exceptions:

" At the trial the plaintiff offered evidence tending to show that the defendants had a side railroad track at Lowell, built and used by them for the purpose of transporting merchandise to and from a wharf or landing of the defendants adjacent thereto; that merchandise cars were switched off from the main track to this side track for the purpose of being loaded by the owners with merchandise of various owners to be transported by the defendants; and that, at the time of the occurrence complained of, the defendants had upon this side track an engine and a number of cars, one of which cars was to be loaded with lumber by Norcross & Company, lumber dealers, who had a contract with the defendants for the transportation of said lumber. The plaintiff testified that he was employed by an agent of Norcross & Company to assist in placing the car intended for them opposite their lumber placed on the wharf for transportation, and in loading the same with lumber; that he uncoupled this car from the one before it and pushed it down some five or six feet to a proper place for loading it; that he did not know that any engine was on the side track; that just as he had pushed the car into this position, the defendants' servants backed the engine and the other cars upon him and caused the injury; that he went between the cars to uncouple them, and pushed the car down by the end, walking behind it on the track; and that, at the time of the collision and injury, he was back of the bunter of the car he had pushed down, and was jammed between the bunters of the two cars. Upon this evidence the court, being of opinion that the plaintiff was not in the exercise of due care, directed the jury to return a verdict for the defendants," which was done; and the plaintiff alleged exceptions.

*J. C. Kimball & W. H. Bent,* for the plaintiff. The contract of the defendants with Norcross & Company gave the plaintiff a right to go upon the side track and assist in moving the car down to be loaded. Co. Lit. 56 *a.* 3 Kent Com. (6th ed.) 420, 421. *Doty* v. *Gorham,* 5 Pick. 487. *Pomfret* v. *Ricroft,* 1 Saund. 321, 323. *Cobb* v. *Selby,* 5 B. & P. 466. *Clarence Railway Co.* v. *Great North of England Railway Co.* 13 M. & W. 706. 2 Parsons on Contracts, (5th ed.) 534. It was the province solely of the jury to consider and determine whether or not the plaintiff, at the time of the injury, was in the exercise of due care. *Bigelow* v. *Rutland,* 4 Cush. 247. *Munroe* v. *Leach,* 7 Met. 274. *Hall* v. *Lowell,* 10 Cush. 260. *Spoor* v. *Spooner,* 12 Met. 281, 284.

*D. S. Richardson,* for the defendants.

COLT, J. In the opinion of a majority of the court there is nothing in this bill of exceptions, which discloses the existence of any relation, by contract or otherwise, between the parties, under which, in law, there was any peculiar obligation or duty imposed upon the defendants not to move their train upon the tracks on their own premises as their own necessities or convenience required. For anything that appears affirmatively, it was the exclusive business of the defendants' agents to place the cars in a position to be loaded by the owners of merchandise. The contract with Norcross & Company did not give the plaintiff a right to go upon the side track and assist in moving the car down to a place to be loaded, although the car so moved was designed for the use of Norcross & Company. The plaintiff was not requested by the agents of the defendants to go upon the track for such purpose, nor does it appear that they had any notice that he was there; and it would seem that in going there he was a mere trespasser. After the car had been placed in position and disconnected from the train to which it had been attached, and Norcross & Company had commenced loading it under the arrangement with them, the defendants would indeed be held to such prudence and care in the use of the track as would be consistent with the safety of those engaged in loading it. Such was not this case; and if it were, it

does not appear that in loading the car it was proper or necessary for the plaintiff to place himself upon the track between the car which he was loading and the rear car of a train to which an engine was attached. Ordinarily it would not be necessary or proper. The facts, in the opinion of a majority of the court, do not, as reasonably construed, show a case free from that negligence on the part of the plaintiff which comes within the common knowledge and experience of all men. The plaintiff was not in the exercise of ordinary care and prudence when he entered upon the track, uncoupled a car from a train to which an engine was attached, without the authority or knowledge of those in charge of the train, and placing himself between the cars, directly behind the bunter, proceeded to move it along the track. His want of knowledge that there was an engine upon the track implies want of care, for it is to be inferred that he might have seen it if he had looked.

There is no error apparent upon these exceptions in the ruling of the court below that in law the plaintiff was not in the exercise of due care. *Meesel* v. *Lynn & Boston Railroad Co.* 8 Allen, 234. *Gavett* v. *Manchester & Lawrence Railroad Co.* 16 Gray, 501. *Todd* v. *Old Colony & Fall River Railroad Co.* 3 Allen, 18. *Exceptions overruled.*