ISAAC N. DONALDSON *vs.* MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Jan. 11, 1875.

**Action for Negligence Defeated, if Plaintiff's evidence shows Contributory Negligence.**—This being an action in which the plaintiff seeks to recover for injuries resulting from his being struck and run over by a car upon defendant's

railway, and there being no evidence that the injury was wilfully, wantonly, or intentionally inflicted, *Held*, that to sustain the action, it must appear that the injury was occasioned by negligence on defendant's part, and it must not appear that there was contributory negligence on plaintiff's part.

**Negligence, when a question for the Court.**—The question of negligence is ordinarily for the jury; but where there is no evidence that an injury of this kind is wilfully, wantonly, or intentionally inflicted by the defendant, and the uncontroverted facts of the case show contributory negligence on the part of the plaintiff, it is proper for the court to rule, as a matter of law, that the plaintiff cannot recover.

**Facts held sufficient to charge Plaintiff with Contributory Negligence.**—*Held*, upon a consideration of the facts appearing in this case, that the plaintiff is chargeable with such gross negligence and carelessness, in exposing himself to injury, that he cannot recover.

Appeal by plaintiff from an order of the court of common pleas for Ramsey county, *Hall*, J. presiding, refusing a new trial.

*W. A. Gorman* and *I. V. D. Heard*, for appellant.

Even if plaintiff was a trespasser, he would not, for that reason, be precluded from his action. *Schmidt* v. *M. & St. P. R. Co.*, 23 Wis. 186; *Birge* v. *Gardiner*, 19 Conn. 507; *Stout* v. *S. C. & P. R. Co.*, 2 Dillon, 294, affirmed on appeal, *Railroad Co.* v. *Stout*, 17 Wall. 657; *Chicago & Alton R. Co.* v. *Gregory*, 58 Ill. 226; *Whirley* v. *Whitman*, 1 Head, 610.

A trespasser is not precluded from recovery, if defendant is guilty of gross negligence. *Jacobus* v. *M. & St. P. R. Co.*, 20 Minn. 125; *Lafayette & Ind. R. Co.* v. *Adams*, 26 Ind. 76; *Balt. & Ohio R. Co.* v. *Fitzpatrick*, 35 Md. 32; *Chicago, B. & Q. R. Co.* v. *Cauffman*, 38 Ill. 424.

There was no negligence on plaintiff's part that so contributed to the injury as to preclude a recovery. At all events, the question as to plaintiff's negligence was for the jury. *Brown* v. *N. Y. Cent. R. Co.*, 32 N. Y. 597; *Beisiegel* v. *N. Y. Cent. R. Co.*, 34 N. Y. 622; *Clark* v. *Kerwin*, 4 E. D. Smith, 21; *Balt. & Ohio R. Co.* v. *State*, 36 Md. 366; *Butler* v. *M. & St. P. R. Co.*, 28 Wis. 487.

They also cited *Lewis* v. *B. & O. R. Co.*, 38 Md. 588; *Penn. R. Co.* v. *Barnett*, 59 Penn. St. 259.

*Greenleaf Clark* and *Gordon E. Cole*, for respondent.

BERRY, J.   At the close of the plaintiff's case upon the trial below, the court, on defendant's motion, dismissed this action, upon the ground that the plaintiff had failed to establish his right to recover.   As in determining the propriety of the dismissal, we are to assume the truth of whatever the testimony legitimately conduces to prove, (*Ernst* v. *H. R. R. Co.*, 35 N. Y. 9, 25,) the following statement is made, upon that basis, as embodying the substantial and material facts to be considered.   The plaintiff brings this action to recover for injuries resulting from his being struck and run over by a car upon defendant's railway.   The accident occurred at Dundas, (a village of four or five hundred inhabitants, in Rice county,) on January 31, 1872, between one and two o'clock P. M.   Defendant was at that time a little over thirty years of age.   He had resided in Dundas since May, 1871.   His business was that of a country merchant, selling goods in a store within a short distance of the scene of the accident, and he was also engaged in procuring wood and ties for defendant.   The accident occurred at a point on the track about half way between two street-crossings, and about two hundred feet distant from each.   The railroad track between these crossings, although no part of any street or highway, had been commonly and frequently used by foot travellers, (and by the plaintiff among others,) especially in times of snow or mud.   To this practice it does not appear that any objection was made.   One of the defendant's freight trains, coming from the south, became separated into two parts, one part consisting of the locomotive, tender, and several freight cars, and the other part of several freight cars and a caboose.   How or where the separation occurred, does not appear, though it does appear that it was observed by one of the witnesses when the train was from a third to a half of a mile south of the place of the accident.   From south to north, in the direction in which the train was moving, there was a heavy down grade.   The train was running at a speed of fifteen to twenty miles an hour, and having no freight for Dundas, and no business at the station there, and

being behind time, had no occasion to stop there or to slack its speed. A second train was following the train spoken of, at a distance of about half a mile. The accident is described by Stebbins, one of the witnesses, as follows, viz: "After leaving the store, we (himself and the plaintiff) went up street to the railroad track on the main crossing; when we arrived there, I looked up the track south, and saw a locomotive coming; told Donaldson that there was a train of cars coming. I saw the train coming as we arrived at the track; wood was piled on both sides of the track. Saw a train of cars coming from Faribault, going north toward St. Paul. We walked along the track, and we then stepped off and waited for the train to pass; we walked to the edge of a deep cut or steep grade, and stopped until the train had passed; we saw we could not cross the gulf without going back on the track; we stopped and remained there until the cars had passed; as the train passed, we saw a woodsawing machine on the cars: Donaldson said something, talking and looking in the direction of the train; as I was looking at the train, I saw Donaldson on the track; I had to take two steps to get back on the track, and Donaldson had to take only one; as I stepped off with my left foot, I saw the train coming; I yelled at Donaldson, and as I yelled at him, the cars struck him as quick at that, (witness explains his idea by motion with his hand.) They had some machinery on the train (woodsaw) and we were looking at that; just as I was calling him, and tried to direct his attention to the coming of the cars, the cars struck him, and dragged his body off the track, his limbs still remaining across the rail; it drew his body off the track, and his limbs remained on the rails; I sprang then to him, and pulled him off the track; the front trucks ran over his limbs, and I pulled him off from the track." In answer to the question, "How long was it from the time when Donaldson stepped on the track, and the time when the accident happened?" this witness (Stebbins) said, "It happened in a moment." On cross-examination, the same witness testified that when

he and the plaintiff stepped on the railroad track, he saw the cars coming, from half to three-quarters of a mile up the track; that he walked down the track, with his back to the train, two hundred feet, to the point where he and the plaintiff stepped off; that standing beside the rail, and looking in the direction from which the train was coming, he could see up the road two hundred feet; that when Donaldson stepped on the track, at the time of the accident, his back was towards the train; that he (witness) had to take two steps to get to the track, and Donaldson only one; that he (witness) saw the cars straight in front of him; the cars were right before him. The plaintiff testified that he saw the train coming up the track.

There is no evidence whatever that the injury suffered by plaintiff was wilfully, wantonly or intentionally inflicted. To maintain this action, then, it must appear that the injury was occasioned by negligence on defendant's part, and it must not appear that there was contributory negligence on plaintiff's part. *Carroll* v. *M. V. R. Co.*, 13 Minn. 30; *Allyn* v. *Boston & Albany R. Co.*, 105 Mass. 77, and cases cited; *Lake Shore & M. S. R. Co.* v *Miller*, 25 Mich. 274; *Railroad Co.* v. *Gladmon*, 15 Wall. 401.

The question of negligence is ordinarily for the jury; but when there is no evidence that the injury was wilfully, wantonly or intentionally inflicted by the defendant, and the uncontroverted facts of the case show contributory negligence on the part of the plaintiff, it is proper for the court to rule, as a matter of law, that the plaintiff cannot recover. *Allyn* v. *B. & A. R. Co.*, 105 Mass. 77; *Burns* v. *Boston & Lowell R. Co.*, 101 Mass. 50; *Todd* v. *Old Colony & Fall River R. Co.*, 7 Allen, 207; *Gavett* v. *Manchester & Lawrence R. Co.*, 16 Gray, 501; *Lake Shore & M. S. R. Co.* v. *Miller*, 25 Mich. 274; *Rothe* v. *Milwaukee & St. P. R. Co.*, 21 Wis. 256; *Bellefontaine R. Co.* v. *Hunter*, 33 Ind. 335, 367; *North Penn. R. Co.* v. *Heileman*, 49 Penn. St. 60; *McKee* v. *Bidwell*, 74 Penn. St. 218; *Wilcox* v. *Rome, W. & O. R. Co.*, 39 N. Y. 358.

There is no evidence in this case tending to show that the defendant intentionally, wantonly or wilfully occasioned the plaintiff's injury. Nor, considering how instantaneously the plaintiff was struck, is there any ground whatever for supposing that the injury could have been prevented by the utmost care or vigilance upon the part of the defendant, after the plaintiff had thus exposed himself to the danger. On the other hand, the uncontroverted facts in evidence show that the plaintiff was a business man, in the prime of life ; that the store where he followed his occupation as a country merchant was within a few rods of the scene of the accident ; that he had resided in the small village where the accident occurred, for nearly a year ; that he was familiarly acquainted with the railroad track between, as well as on either side of the two crossings where he received the injury, having frequently walked over the same ; and that, although he had, but a moment before he was struck, been warned of the danger of being upon the track, and had acted on the warning by stepping off to let the train pass, he stepped upon it again, not only with his back towards the car by which he was struck, and without looking or having looked to see if any car was coming from the south, but, so far from using his eyes, or being in any way upon the alert to discover any danger which might be approaching from that point, his whole attention appears to have been given to that portion of the train which was moving off in the opposite direction. The plaintiff was certainly bound to know that standing or walking upon the track at the place of the accident was attended with danger ; and that whatever privilege he was, by implied license, permitted to enjoy, in so using the track, was a privilege to be exercised at his own risk, so far, at least, as to require him to exercise it with great care. *Finlayson* v. *Railroad Co.*, 1 Dillon, 579 ; *Phila. & Reading R. Co.* v. *Hummell*, 44 Penn. St. 375 ; *Nicholson* v. *Erie R. Co.*, 41 N. Y. 525 ; *Harty* v. *Central R. Co.*, 42 N. Y. 468 ; *Burns* v. *Boston & Lowell R. Co.*, 101 Mass. 50 ; *Sweeny* v. *Old Colony & N. R. Co.*, 10 Allen, 368.

But in our judgment, the facts permit but one opinion as to the plaintiff's conduct; and that is that, so far from exercising great care, he exhibited great negligence and carelessness in placing himself upon the track at the time of the injury, and under all the circumstances disclosed in the case. He must therefore bear the consequences himself, as he was manifestly guilty of negligence contributing directly and proximately to the injury for which he seeks to recover.

Order denying new trial affirmed.