PHILEMON P. REED *vs.* MINNEAPOLIS STREET RAILWAY COMPANY.

March 1, 1886.

**Street Railway—Injury to Child — Contributory Negligence of Person in Charge of Child.** — An adult, having the care of a girl eight years old, left a horse car with her, and went immediately upon an adjacent horse-car track, without having hold of the child, and without having paid any attention to possible dangers, except in one direction. The child was run over by a horse car coming from the other direction. *Held*, that the guardian was chargeable with contributory negligence.

**Same—Negligence in Driving.**—A case of negligence on the part of the defendant was shown by proof of a horse car being driven at a trot over a principal street-crossing in a city, past another car from which passengers were alighting, the former car being so driven that, after running over a child, it went the width of the street before stopping.

Action for personal injuries to a child, brought by the father in the district court for Hennepin county. When the plaintiff rested his case, the action was dismissed by *Koon, J.* Plaintiff appeals from an order refusing a new trial.

*Hart & Brewer*, for appellant, on the question of contributory negligence, cited *Wheelock* v. *Boston & Albany R. Co.*, 105 Mass. 203; *Loucks* v. *C. M. & St. P. Ry. Co.*, 31 Minn. 526; *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137; *Gaynor* v. *Old Colony & N. Ry. Co.*, 100 Mass. 208; *Meesel* v. *Lynn & Boston R. Co.*, 8 Allen, 234; *Shea* v. *P. & B. V. R. Co.*, 44 Cal. 414; *Murphy* v. *Union Ry. Co.*, 118

Mass. 228; *Eppendorf* v. *B. C. & N. R. Co.*, 69 N. Y. 195; *Wyatt* v. *Citizens' Ry. Co.*, 55 Mo. 485; *Dahlberg* v. *Minneapolis St. Ry. Co.*, 32 Minn. 404; *Belton* v. *Baxter*, 58 N. Y. 411; *Dale* v. *Brooklyn City, etc., R. Co.*, 1 Hun, 146; *Thurber* v. *Harlem, etc., R. Co.*, 60 N. Y. 326.

*Randall & Truesdale* and *Wilson & Lawrence*, for respondent, on the question of contributory negligence, cited *Railroad Company* v. *Houston*, 95 U. S. 697; *Bancroft* v. *Boston & W. R. Co.*, 97 Mass. 275; *Wilcox* v. *Rome, W. & O. R. Co.*, 39 N. Y. 358; *Ernst* v. *Hudson River R. Co.*, 39 N. Y. 61; *Sutton* v. *N. Y. Central & H. R. R. Co.*, 66 N. Y. 243; *Mulherrin* v. *Delaware L. & W. R. Co.*, 81 Pa. St. 366; *Ill. Cent. R. Co.* v. *Hetherington*, 83 Ill. 510; *North Pa. R. Co.* v. *Heileman*, 49 Pa. St. 60; *Abbett* v. *C. M. & St. P. Ry. Co.*, 30 Minn. 482; *Wyatt* v. *Citizens' Ry. Co.*, 55 Mo. 485; *Eppendorf* v. *Brooklyn City, etc., R. Co.*, 69 N. Y. 195.

DICKINSON, J. There was evidence sufficient to be submitted to the jury as to negligence on the part of the driver of the car by which the child was run over. It was enough for this purpose that the evidence went to show that the car was driven over the crossing of two of the principal thoroughfares in the city of Minneapolis, at a trot, and at about the ordinary speed with which cars move between street-crossings; that at such speed the car passed the car standing still upon the next track, obviously for the purpose of receiving or discharging passengers, and from which this child and her grandmother were alighting; that the speed was such, or the inattention of the driver such, that the car passing over the child at the crossing did not stop until it had reached the opposite crossing of the street.

The more serious question is as to whether the case conclusively shows contributory negligence on the part of the child's grandmother, in whose care she was, so that the court was right in refusing to submit it to the jury. The tracks upon which the cars passed were four feet apart. The cars, as one passed the other, were 14 inches apart. The rear platform of the car from which these passengers alighted was a short one,—"quite a little shorter than the width of the car." The grandmother had been sitting facing the other track, and as she arose to go out she looked through the opposite windows, and saw

nothing upon the track. She allowed the child, eight years of age, to pass out of the car first, she closely following. As she passed out of the car she looked to her left, from which direction her car had come, to see if there were teams approaching. She stepped off the platform on the side nearest the other car track, and, without having the child by the hand, stepped immediately upon that track, with the child at her side, to go to the sidewalk, evidently without having looked to the right past the car she had left, and without attention towards possible dangers from that direction. As she was crossing the track she looked in that direction, and saw a car horse right upon her. She jumped and got safely across, trying at the same time to rescue the child. The child hesitated, was struck down, and injured. The car which these parties had left remained standing until after the accident.

Although the case upon the point under consideration is deemed to be not far from the line dividing the proper provinces of court and jury, we are of the opinion that the court was right in treating it as one of obvious contributory negligence. The conditions attending the crossing of an ordinary steam railway are so different from those at a city street-crossing that conduct which may be deemed requisite in the one case is not necessarily the measure of prudence in the other. Rules of conduct cannot generally be formulated by the strict application of which questions of negligence, such as we are considering, can be determined, since the peculiar and ever-varying circumstances of the case are to be considered in estimating the required measure of common prudence. But without attempting to declare what degree of attention or watchfulness is generally required of one crossing thronged city streets, or horse-car tracks, it is safe to say that since the dangers to which one would be exposed who should attempt such crossing, regardless of his surroundings, are within the common knowledge of men, the law has regard to them, and exacts a reasonable degree of caution to avoid such dangers. It would be negligence for one to unnecessarily place himself in the midst of those dangers without having paid any attention to the presence or the imminence of them. *Barker* v. *Savage*, 45 N. Y. 191; *Kelly* v. *Hendrie*, 26 Mich. 255.

It is unnecessary to decide whether, if the adult guardian of the child had been injured, her conduct should have been pronounced negligent, regard being had solely to her own safety. We have to consider her conduct with regard to the care of the child who was under her guardianship; and, considering her duty to the child, her conduct was more clearly negligent than it would have been if she alone had been concerned; for to the same danger to which she exposed herself, having the discretion of adult age, she exposed the child, who was incapable of exercising much discretion in escaping from the present danger. It is to be considered, too, that the child was led into the presence of the danger, which might have been apprehended, without being under that physical control of the guardian to which she might have been subject by being simply taken by the hand. The coming of a car upon the other track, past the stationary car, was to be apprehended as likely to occur. Such vehicles can neither be turned aside, nor can they be stopped instantly. When the passenger left the car, and before stepping forward upon the other track, she seems to have been in a place of safety, for the time, as regards danger from other vehicles; and there is nothing to suggest a necessity or excuse for going with the child upon the other track without having observed, as she might have done instantaneously and without appreciable effort, the danger which was close at hand. It is obvious that merely looking through the opposite car window was no precaution as to vehicles which might be approaching, but had not quite come up to this standing car. No circumstance appears to have existed of a nature to confuse the mind, or prevent the exercise of reasonable judgment and ordinary caution.

Order affirmed.