FRED MARTY *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

JOHN MARTY *vs.* SAME DEFENDANT.

January 2, 1888.

Railway — Injury at Crossing — Contributory Negligence. — Where a highway crosses a double-track railway, over which trains are liable to run frequently in opposite directions, it is contributory negligence for a traveller thereon, whose view of the second track is obscured by the presence of a passing train on the track nearest to him, to pass immediately upon the crossing as soon as the way is clear, without waiting to look or listen for the approach of a train in the opposite direction on the second track.

Appeals by plaintiffs from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial.

*I. V. D. Heard*, for appellants.

*J. H. Howe* and *C. D. O'Brien*, for respondent.

VANDERBURGH, J.   These two cases were tried together, and were dismissed at the close of plaintiffs' testimony.   The cause of action arose out of alleged injuries to the plaintiff Fred Marty, and to the team and wagon of John Marty, driven by the former, occasioned by a collision with one of defendant's trains at a railway crossing in the suburbs of the city of St. Paul.   At the place in question the road or highway travelled by the plaintiff crossed first the track of the St. Paul & Duluth railroad, which was distant west of the defendant's track about 100 feet.   It then runs south between the two railroads for a short distance, and turns and crosses at right angles the roadway of the defendant, which at that place has a double track, the inside rails of which are 11 feet apart.

The accident occurred on the 14th day of May, 1886, between 7 and 8 o'clock in the evening, as the plaintiff, who was a butcher, accompanied by a friend, who occupied the same seat with him, was attempting to cross the tracks of defendant with the loaded wagon.   He was returning from the slaughter-house of his brother, the plaintiff John Marty, where he was employed every day.   It was situated north-west of the railroads, which he had been in the habit of crossing daily for years, at the place in question.   After he had crossed the track of the St. Paul & Duluth road, he came up to within about 25 feet of the westerly track of the defendant's road, which was used for incoming trains, and stopped to wait for the passing of a freight train then occupying the crossing and going into the city.   This train obscured the view of the other track, and the plaintiff did not see or hear the approach of the outgoing passenger train due at or about that time at the crossing on its way east.   But as soon as the freight train had passed, he immediately started up, and drove on the second track used for outgoing trains, and was intercepted by the engine of the passenger train.   He knew that the easterly track was used for outgoing trains, and had before on several occasions seen two trains there under similar circumstances, and knew that the trains there

were frequent, and knew that a train went out in the evening, and that no flag-man was stationed there. He testifies that he could not see the passenger train because the freight train was in the way, and he drove on behind the latter, so that he did not discover the approach of the engine till it was within a few feet of him. The plaintiff testifies that he has, since the accident, made the crossing under similar circumstances in safety, but has waited till the intervening train got out of the way, so that he could see several hundred feet down the track, before attempting to cross. He admits that but for the freight train the track could have been seen at least 500 feet in the direction from which the passenger train came.

The trial court dismissed the action upon the plaintiff's evidence, on the ground that he was careless in thus driving upon the second track behind the freight train, without waiting for an opportunity to look, and was guilty of contributory negligence.

The court was clearly right. The plaintiff was familiar with the situation and the danger, and it is quite clear, as one of his witnesses testifies, that there is no reason why a man should be caught at this crossing if he uses care and chooses to look. A trifling delay would have enabled him to look, and this precaution was the more important because the noise of the passing freight train would prevent him from hearing the approach of the other train. The evidence is clear, not conflicting, and the facts not complicated, and the case was properly passed on by the court, without submitting it to the jury. *Abbett* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 482, (16 N. W. Rep. 266;) *Donaldson* v. *Mil. & St. Paul Ry. Co.*, 21 Minn. 293; *Rogstad* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 208, (17 N. W. Rep. 287;) *Mantel* v. *Chicago, Mil. & St. Paul Ry. Co.*, 33 Minn. 62, (21 N. W. Rep. 853.)

Order affirmed.