PETER HEFFINGER *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

June 20, 1890.

Contributory Negligence.—Evidence of plaintiff's contributory negligence *held* such as to justify the trial court in refusing to submit the case to the jury.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial, the action (brought to recover $4,850) having been dismissed at the trial at the close of the evidence for plaintiff.

*John H. Steele, Steele & Rees,* and *B. Davenport,* for appellant.

*M. B. Koon,* for respondent.

VANDERBURGH, J.   The action of the trial court in dismissing this case upon the trial, at the close of the testimony offered by the plaintiff, is clearly warranted by the evidence showing the contributory negligence of the plaintiff.   It is therefore entirely unnecessary to consider the question of defendant's negligence, or the alleged errors of the court in its rulings upon testimony offered upon that branch of the case.   The plaintiff was a laborer engaged in working upon a sewer then in process of construction in one of the streets of the city of Minneapolis, in which the tracks of the defendant were laid over which it operated its trains.   The track then used had been removed over to the west side of the street, so as not to interfere with the work upon the sewer, and all the trains running both ways passed over this track.   A portion of the dirt from the sewer was thrown out

on the west side, and was piled up between the sewer and track, back to the point where the filling had been completed. Plaintiff had been at work a considerable distance from this point, and at the time in question had been ordered to go back there and assist in filling, and in doing so passed down on the west side of the sewer, and between it and the defendant's track, on or along the dirt-pile which extended down to the track, and rendered the passage-way difficult and dangerous. While walking along the dirt-pile, and too near the track for safety, he suffered his attention to be drawn to the work on the sewer, and while so occupied was overtaken by the train, and was injured. The material facts are undisputed. He could have passed along the sidewalk with safety. The track was straight, and the view was sufficiently open and unobstructed, so that, with the exercise of ordinary care, he could have looked back and observed the approach of the train, and got out of the way seasonably. He knew the cars ran along there frequently, and he knew the place was dangerous, because of the proximity of the track. And it is as dangerous to be too near as upon the track. The plaintiff unquestionably was careless and negligent. He could not, therefore, recover. *Donaldson* v. *Milwaukee & St. Paul Ry. Co.*, 21 Minn. 293, 298; *Marty* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 38 Minn. 108, (35 N. W. Rep. 670;) *Reed* v. *Minneapolis Street Ry. Co.*, 34 Minn. 557, (27 N. W. Rep. 77.)

Order affirmed.