THE NORTHERN CENTRAL RAILWAY COMPANY *vs.* THE STATE OF MARYLAND, use of M. O. GEIS, widow, and others.

## *Presumption of Care—Concurrent Negligence.*

Where evidence is conflicting, as to whether a person injured contributed by negligence to his own injury, the jury may, in connection with all the facts and circumstances of the case, infer the absence of fault from the known disposition of men to avoid injury to themselves.

Where the party inflicting the injury, by proper care, might avoid the consequences of the negligence of the party injured, or where the latter could not avoid the consequences of the former's negligence, an action will lie.

But where, from the proof of the nature of the accident, it appears that the negligence of the parties was concurrent, and co-operated to produce the injury, no action will lie;—the law refusing to apportion the fault, and regarding the negligence of each party as equally proximate.

In order for a person to exercise proper care in avoiding the consequences of his own or another's negligence, he must have time to become aware of the conduct and situation of the latter.

Northern Central Railway Co. vs. The State, use of Geis, et al.

A prayer that the plaintiff could not recover for an injury to a person deceased, if the deceased "by his own neglect or want of care" contributed to the accident, failed to define the character of neglect or want of care, and was properly rejected.

APPEAL from the Superior Court of Baltimore City.

This action was brought in the name of the State for the use of the widow and children of Charles Geis, deceased, to recover damages for his death, alleged to have been caused by the negligence of the appellant. The deceased was a German laborer, engaged with others, at the time of the accident, in unloading a car laden with corn, standing upon a siding leading into the warehouse of C. Slagle & Co., on North street, in the city of Baltimore. While so engaged, he was thrown from the car, and received the injury from which he afterwards died. The deceased and the other laborers in the car were employed by Knox & Gill, the purchasers of the corn. The car and the team belonged to the appellant, and at the time of the accident were under the control of the appellant's driver and brakeman.

At the trial below, the plaintiff offered evidence to show that the team was attached to the car, and the car started without any notice to the deceased, and that the injury which he received was attributable to this fact.

The defendant offered evidence to show that notice was given, sufficient to put the deceased upon his guard, but that he undertook to assist a drayman, whose dray was standing beside the car, receiving a load from it, to complete his load by throwing on one more bag. And that in consequence of the sudden movement of the car, while he was so engaged, the deceased was thrown out and injured. The injured man was carried to the opposite side of the street, taken charge of by his fellow-laborers, carried home on the top of a wagon loaded with bags of corn, and died after lingering five days.

There was also evidence to show that the car, at the time, was partly extending across the sidewalk in violation of section 5 of Ordinance 34 of the Revised Ordinances of 1858.

The plaintiff offered five prayers, of which the third was granted, the fourth was rejected as offered, but granted with a qualification, and the rest were rejected.

*Third* prayer of the plaintiff.—In considering the question of negligence, it is competent for the jury, in connection with the other facts and circumstances of the case, to infer the absence of fault on the part of the deceased, from the general and known disposition of men to take care of themselves, and to keep out of the way of difficulty and danger.

*Fourth* prayer of the plaintiff.—If the jury believe from the evidence that the car from which Charles Geis was thrown, on the occasion in question, was at the time of the accident standing on the switch leading to the warehouse of C. Slagle & Co., in such a way as to obstruct the free passage along the line of the street between the railroad and the footway, as described by the witnesses, then the defendant was acting in violation of the City Ordinance, (No. 34, sec. 5,) and cannot escape from responsibility to the plaintiff except by showing the exercise of the utmost diligence and care, unless the jury believe that the accident could have been avoided by ordinary care and prudence on the part of the deceased.

This prayer was rejected as offered, but granted with this qualification:

But the mere fact of the car being in the place in which it stood, will not increase the defendant's liability for the injury complained of, unless the jury shall believe that the accident would not have happened, if the car had been on a part of the track where the ordinance of the city would not have been violated.

The defendant offered four prayers, the first and second

of which, as follows, were rejected — the others were granted:

*First.*—That unless the jury shall find, from the evidence, that the accident complained of, resulted from the want of ordinary care on the part of the defendant in the management of one of its cars, the plaintiff is not entitled to recover; and even if the jury shall so find, the plaintiff is not entitled to recover, unless the jury shall further find from the evidence, that the deceased did not, by his own neglect or want of care, contribute to the accident.

*Second.*—That if the jury shall find from the evidence, that the accident in question, would have been avoided by the exercise of ordinary care and caution on the part of the deceased, the plaintiff is not entitled to recover.

The Court gave, in addition, the following instruction:

That unless the jury shall find, from the evidence, that the accident complained of, resulted from the want of ordinary care on the part of the defendant, in the management of its cars, the plaintiff is not entitled to recover; but if the jury shall find from all the evidence in the cause that the accident by which Geis came to his death was occasioned by the negligence of the servants of the defendant, then they must find their verdict for the plaintiff; unless they shall find that the said Geis, by his own negligence, or want of ordinary care and caution, so far contributed to his misfortune, that but for such want of ordinary care and caution on his part, the said accident would not have happened, nor if the defendant might, by the exercise of care on its part, have avoided the consequences of the neglect or carelessness of the deceased. But to prevent the plaintiff's recovery, the negligence on the part of the deceased must have been concurrent and formed the proximate cause of his death; for if the negligence of the defendant's servants was the proximate, and that of the deceased the remote cause of the injury, then they must find their verdict for the plaintiff.

But if the jury shall find that the negligence which produced the accident was mutual, and that they cannot impute to each party his own proper share in the commission thereof, as above mentioned, then they must find their verdict for the defendant.

As to the treatment of the deceased after the happening of the accident, if the jury shall find that the deceased was immediately taken into the custody of his friends, who removed him to his home, then the legal responsibility of the defendant for his proper treatment ceased, and it is not responsible for what happened thereafter, by reason of any improper treatment, if the jury shall find such to have existed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ALVEY, J.

*Daniel M. Thomas and Bernard Carter,* for the appellant.

There was error in granting the plaintiff's third prayer, because it was calculated to mislead the jury. The language of the prayer was copied from the opinion of the Court in the case of the *N. C. Railway Co. vs. The State, use of Price,* 29 *Md.,* 420. The Court did not intend such language to be used as a distinct instruction to the jury, even in a case like Price's, where there was no evidence to show how the deceased happened to be on the railway when the train was passing, and still less in a case like the present, where there was distinct evidence to show actual negligence on the part of the deceased, against which, inferential evidence like that embodied in this instruction, ought not to be allowed to weigh.

There was error in the refusal of the defendant's first prayer.

The plaintiff should have shown affirmatively that the

deceased was not guilty of contributive negligence. *State, use of Coughlan vs. Baltimore and Ohio Railroad Company,* 24 *Md.,* 105 ; *Baltimore and Ohio Railroad Company vs. State, use of Miller,* 29 *Md.,* 252.

The apparent modification of this principle in Price's case was based upon a peculiar state of facts, in no way applicable to the present case.

The defendant's second prayer was unobjectionable, and should have been granted in the form asked.

The Court's instruction combined inconsistent and conflicting propositions, and is so framed as to render it impossible for the jury to have understood it. Its grammatical and logical structure is so radically defective as to make it unmeaning and unintelligible.

The question of remote and proximate causes, which this same instruction submits to the jury, is unauthorized, as the facts in the case do not give rise to any such question.

The question of mutual negligence was also improperly presented. The words " *as above mentioned* " are unmeaning, and calculated to mislead. And it was manifest error to require the jury, if they found that the accident was mutual, also to find that " they cannot impute to each party his own proper share in the commission thereof." If the accident were mutual, the *law assumes,* as a necessary consequence, that the jury " cannot impute to each party his own proper share in the commission thereof," and does not permit the jury to speculate as to what was the proper share of each party " in the commission thereof."

The plaintiff's fourth prayer, even after the modification made by the Court, was erroneously granted, because it did not require the jury to consider the question of contributive negligence on the part of the deceased. *Baltimore and Ohio Railroad Company vs. State, use of Miller,* 29

*Md.*, 252; *Witherly vs. Regents Canal Co.*, 104 *E. C. L. R.*, 2.

This case is not embraced in the scope of the decision in *Price's* case, but should be governed by the rules established in *Miller's* case.

*Orville Horwitz* and *Theos. B. Horwitz*, for the appellee.

The plaintiff's third prayer was precisely in the language of the Court of Appeals, in the case of the *Northern Central Railway Company vs. The State, use of Price, et al.*, 29 *Md.*, 420.

The fourth prayer asserted, that if the company were at the time of the accident, violating the City Ordinance, it was bound to "use the utmost diligence and care," unless the jury believed "that the accident could have been avoided by ordinary care and prudence on the part of the deceased."

This proposition was believed to be the most liberal mode of stating the law for the defendant, as laid down by the Court of Appeals, in the case of *Baltimore and Ohio Rail Road Company vs. The State, use of Miller*, 29 *Md.*, 252, but the Superior Court thought proper so to qualify the prayer as to take away all benefit to the plaintiff, by adding that the violation of the City Ordinance on the part of the defendant amounted to nothing, unless it contributed towards the accident. Surely the defendant cannot complain of the granting of this prayer as modified.

The Court was not in error in rejecting the defendant's first and second prayers.

To the first prayer there are two patent objections:

1st. The prayer throws out of view entirely, the violation of the City Ordinance, and the necessity for greater than ordinary care, in the event of the jury believing that the City Ordinance was violated, and that the accident

happened thereby. *Baltimore and Ohio Rail Road Company vs. Breinig*, 25 *Md.*, 389.

2d. It is in direct contravention of the law, as laid down in the case of *Northern Central Railway Company vs. The State, use of Price, et al.*, 29 *Md.*, 420.

The defendant's second prayer is liable to the same objections.

The instruction of the Court is copied from the opinion of this Court in the case of *The N. C. Railway Co. vs. The State, use of Price et al.*, and, therefore, is unexceptionable. The granting of this instruction rendered it necessary for the Court to reject the defendant's second prayer, as it explained at length, the prayer, and modified it in conformity with the latest views of this tribunal respecting the question of negligence, and its application to cases of this character.

ALVEY, J., delivered the opinion of the Court.

That a party will act with due care, both with reference to his own safety, and the safety of others, is a natural presumption to be indulged in all cases, until overcome by proof to the contrary. Hence it was not error for the Court below to instruct the jury in this case, as was done by granting the third prayer of the plaintiff, that in considering the question of negligence, it was competent, in connection with all the facts and circumstances of the case, to infer the absence of fault on the part of the deceased from the known disposition of men to avoid injury to themselves.

Objection is taken to the form of the prayer, and to its being liable to misconstruction by the jury. But we must construe it with reference to the facts of the case, and it appears that the evidence was conflicting, tending to create doubt as to whether the deceased was in fault in bringing upon himself his misfortune. There may be

cases in which such an instruction would be objectionable, as where there is positive, unconflicting proof of the negligence of the party injured. In such cases an instruction of the character and form here given might mislead the jury, and for that reason should not be granted. But such was not the character of this case, and we think the instruction proper.

The plaintiff's fourth prayer was properly rejected as offered, and it is not perceived with what propriety it was granted with the modification affixed to it by the Court. There was no evidence showing, or tending to show, that the accident was occasioned by the act or from the fact of violating the City Ordinance by the defendant, even if it be conceded that the car in which the deceased was injured, occupied at the time, a forbidden place on the street. The whole subject of this instruction was apart from the real questions involved in the case, and, therefore, calculated to mislead the minds of the jury, and should have been withheld from them. The Court was in error, therefore, in granting this fourth prayer as modified.

As to the other instructions by the Court, we think they were not calculated to evolve and place before the jury the true questions arising in the case.

In the first part of these instructions, it was assumed that the question of remote and proximate cause of the injury was involved, and they were framed with a view to instructing the jury upon that rather intricate and difficult question. But, according to our view of the case, no such question was really involved, and the minds of the jury should not have been perplexed with it. In *Price's case*, 29 *Md.*, 420, the rulings in which are supposed to govern this, a different state of facts existed from those appearing in this record, and questions arose and distinctions were taken there that do not apply here. There, from the nature of the case, the question as to the remote and proximate cause of the death arose. But here, ac-

cording to the proof of the nature of the accident, if negligence be imputable to both parties in reference to the injury, it must have been concurrent, and co-operated to produce the injury complained of. And in such case no action would lie; for it would be impossible to apportion the damages, or to exactly ascertain how much each party contributed, by his negligence, to the production of the injury.

It is true that, in some cases, there may be negligence in both parties concerned, and yet an action may be maintained; but in such cases it must appear, either that the defendant might, by a proper degree of caution, have avoided the consequences of the injured party's neglect, or that the latter could not, by ordinary care, have avoided the consequences of the defendant's negligence. This, however, implies time for the one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other's negligence. But where there is a concurrence of negligence of both in the production of injury to one of the parties, the causes are commingled, and are regarded as equally proximate to the effect produced, and, therefore, not susceptible of apportionment. And if it be true that the deceased was guilty of negligence, it must, from the nature of the accident, have been of this latter character.

In the latter part of the instruction before us, the jury were told that if they should find that the negligence which produced the accident was mutual, and they could not impute to each party his own proper share in the commission thereof, then they were to find for the defendant. This assumed that the jury were at liberty to undertake the task of doing what the law has determined cannot be done, that of ascertaining the share of negligence that each party contributed to the production of the injury, though the contribution was mutual and concurrent. This was clearly erroneous; and we think, for the reasons

Northern Central Railway Co. *vs.* The State, use of Geis, *et al.*

assigned, that exception was well taken to the instruction of the Court.

As to the defendant's prayers embraced in the exception, we think the Court was right in rejecting the first of them. Apart from the objection that it would appear to require it to be proved *affirmatively*, as a condition to the right to recover, that the deceased did not, by his own neglect or want of care, contribute to the accident, it fails to define what character of neglect or want of care would exclude the right to recover. To defeat the right on such ground the deceased must have been guilty of some want of *ordinary care and prudence*, which directly contributed to the injury. To put the question to the jury, as was sought to have been done by this prayer, without thus defining the degree of neglect that would defeat the action, might lead to wild speculation as to what constituted contributory negligence. We discover, however, no objection to the defendant's second prayer, and think it ought to have been granted. It states a proposition that is sustained by all the cases upon the subject.

We shall therefore reverse the judgment of the Court below, and award a procedendo.

*Judgment reversed, and procedendo awarded.*

(Decided 23d November, 1869.)