Mr. Justice Bradley
delivered the opinion of the court;
This is an action on the case brought by Holohan to recover damages for an injury alleged to have been caused by the negligence of the Washington and Georgetown Railroad Company.
The declaration contains two counts. The first avers that the plaintiff was a passenger on one of the defendant’s cars on Seventh street, and that on arriving at the junction of that street and Pennsylvania avenue he obtained a transfer ticket and proceeded to a car standing at the junction bound east; that he was a cripple, and having deposited his cane and umbrella on the seat, he took hold of the car with both hands to get in, and had partially gotten in, when, without negligence on his part, and by the negligence *320 of the defendant, the car was started, and he was thrown) violently to the ground and injured.
The second count is more general, and avers that he was about to take his seat upon one of the defendant’s cars, when, without negligence on his part, and through the-carelessness and negligence of the defendant, he was thrown violently to the ground and injured.
At the trial the plaintiff by himself alone offered evidence tending to prove the facts stated in the first count of the declaration.
The defendant, by its conductor and driver, and by oneFlemer, a passenger, offered evidence tending to prove that the defendant’s car had stopped at the junction of Seventh street and Pennsylvania avenue, and to the west of the-Seventh street tracks, and had let off and had taken on passengers, and had started east upon the tracks of Pennsylvania avenue, when the plaintiff, coming from the direction'of the southwest corner of Seventh street and Pennsylvania avenue hailed the car, which was then moving across the Seventh street tracks; that the conductor pulled the bell, but the driver, mindful of the regulation prohibiting the stopping of a car on a crossing, proceeded at a very slow rate of speed, walking his horses across the Seventh street tracks, and stopped a few feet to the east of those tracks; that the plaintiff did not wait for the car to'stop, but, whilst it was in motion he seized one of the uprights,, it being an open or summer car, and by the motion of the car he was thrown down in the street; that the plaintiff was a cripple, having one wooden leg. The driver testified that he was gradually putting on the brakes, but when he-saw the plaintiff take hold of the car; he put the brakes on and stopped within four or five feet.
The passenger witness heard the plaintiff walking alongside of the car, and saw he had hold of it, the car being east of the Seventh street tracks, and in motion, and he called the conductor’s attention to- him,, the conductor *321 promptly blew his whistle, and the car was stopped as soon as could be. The plaintiff fell while witness was turned to call the attention of the conductor. He thinks the car -went fifteen or twenty feet beyond .the plaintiff before it stopped.
In this state of the evidence the court refused several instructions which were prayed in behalf of the defendant; to which refusal exceptions were duly taken. These exceptions were subsequently rendered unimportant, by the charge of the court, and need not be considered.
The principal exception covers a portion of the charge of the court to the jury, which is as follows :
“ But now, gentlemen, there is one exception to that rule always, and that is, taking the case I have last instanced; if the driver of a vehicle saw the man, saw his exposed condition then, even if he were careless, it would be the duty of the driver to use all reasonable diligence to prevent any accident occurring. In this case, gentlemen, then, if you should be satisfied from the evidence that the plaintiff did undertake to board the car whenfit was in motion ; if you reach that conclusion that he attempted to board this car while it was in motion, and if you should be satisfied that that was an imprudent thing to do and a careless thing to do, nevertheless if the conductor and driver saw his peril, and then after seeing and understanding his peril did not make every reasonable effort to stop the car or avert it they would be liable, notwithstanding the carelessness of the plaintiff. If they saw, by his actions, that he was approaching a moving car, and. was about to get on; if that was manifest, and they did nothing to warn him off or to stop when they saw what he was about to do, and was doing, understanding his peril, and knowing that he was in peril, notwithstanding that the plaintiff himself might have been careless, that would not prevent his recovery. That, gentlemen, I believe, is the only exception to the general rule which I have adverted to.
*322 “So in this case, if the car had stopped — supposing that to be so — and I think I must advise you that it is competent for you, if you so esteem the facts to be, to so find if you so believe from the evidence. If the car had stopped and discharged its passengers and received its other passengers, and then started and while under way the plaintiff attempted to board it, and if the conductor or driver saw that he was trying to board the ear, or was about to try to board it, and did not do what they reasonably ought to have done to stop his attempt to get on or to stop the car after they saw his peril and understood it, then the defendant would be liable for the injury notwithstanding that the plaintiff was also careless.
“Now, in this connection I give you the prayer which reads like this, and I advise you ' that is the law of this case:
“ ‘ If the jury shall find from the evidence, that after the car had started eastward, the plaintiff called to the conductor to stop the car after the latter gave the necessary signal, and the car slowed, and that there was no negligence on the part of the defendant, but that the plaintiff, instead of waiting for the car to stop, voluntarily took hold of one of the posts, and undertook to get on whilst the car was in motion, then the plaintiff took the risk of the attempt to get on and is not entitled to recover, provided the defendant after seeing the plaintiff in a position of danger exercised reasonable diligence in guarding against the same/ "
The court had just stated that in cases of mutual negligence co-operating in the-production of the injury, the general rule is that an action cannot he maintained.
These instructions by the court are addressed to a theory of the case that is entirely at variance with the theory of the plaintiff. The case attempted to be made out by the plaintiff was, that the defendant carelessly and negligently started the car whilst he, without negligence on his part, was in the act of getting on. The evidence to which these *323 instructions related was in behalf of the defendant, that the plaintiff, a cripple, with one wooden leg, without waiting for the car to stop, carelessly and negligently attempted to get aboard whilst it was in motion, and in so doing was thrown down. No evidence was offered or given tending to prove that the defendant, was negligent in stopping the car when the plaintiff attempted to get on ; on the contrary the evidence is that the defendant's servants stopped the car as soon as possible after learning that the plaintiff was making the attempt. In order to avail himself of the theory of injury resulting from an attempt to get on a moving car, the burden was upon the plaintiff to prove that the defendant when advised of his situation carelessly and negligently so conducted the car as to proximately cause the injury. The rule as to concurrent negligence and the exception thereto is well stated in the case of Northern Central vs. State, 31 Md., 366 :
“ If negligence be imputable to both parties in reference to the injury, it must have been concurrent, and co-operated to produce the injury complained of. And in such case no action would lie; for it would be impossible to apportion the damages, or to exactly ascertain how much each party contributed, by his negligence, to the production of the injury.
“ It is true that in some cases, there may - be negligence in both parties concerned, and yet an action may be maintained ; but in such cases it must appear, either that the defendant might, by a proper degree of caution, have avoided the consequence of the injured party’s neglect, or the latter could not, by ordinary care, have avoided the consequences of the defendant’s negligence. This, however, implies time for the one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other’s negligence.”
In the case at bar, the instruction is that if the defendant’s servants saw the plaintiff approaching a moving car *324 and about to get on, and they did nothing to warn him off, or if they did not stop when they saw what he was about to do, or was doing, understanding his peril and the injury resulted the plaintiff could recover. This is clearly erroneous for several reasons.
It makes no distinction between the duty of the defendant to the plaintiff approaching the car and to the plaintiff having hold of the car attempting to get on, but attributes peril and corresponding duty to both.
It assumes that the defendant knew, or must have known from the mere act of the plaintiff in approaching the car that he entertained the purpose of getting upon it whilst it was in motion, and that he was therefore in peril. But the defendant could not be required to anticipate the negligence of the plaintiff. Its servants had the right to assume under such circumstances that the plaintiff being sui juris, and in possession of all his faculties, desired to stop the car, and intended not to get on the car whilst it was in motion, but to wait until it. stopped.
Had they believed that he entertained the purpose of getting on the car, whilst it was in motion, and they doubted his ability so to do, they owed him no such duty as to warn him off, for he was the best judge of the risk or danger of such an act, and the responsibility for it rested solely upon him.
If such duty of warning existed, the failure to give it would not relieve the plaintiff of the necessity of taking care of himself, or make the resulting injury any the less the proximate cause of his own act, for which an action would not lie. Under conditions somewhat similar, in Railroad Company vs. Houston, 95 U. S., at page 702, the court says:
“ The failure of the engineer to sound the whistle or ring the bell, if such were the facts, did not relieve the defendant from the necessity of taking ordinary precautions for her safety. Negligence of the company’s employees in these *325 particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, •and not to walk carelessly into the place of possible dan.ger. Had she used her senses, she could not have failed to hear and to see the train which was coming. If she ■omitted to use them and walked thoughtlessly upon the track, she was guilty of culpable negligence and so far contributed to her inj uries as to deprive her of any right to ■complain of others. * * * No railroad company can be held for a failure of experiments of that kind. If one •chooses in such a position to take risks, he must bear the possible consequences of failure.”
The instruction does not leave the question of peril in what he “ was about to do, or was doing,” as a fact to be determined by the jury, but it assuthes the peril as matter of law, and thereupon bases the duty.
The measure of the duty required is left’entirely indefinite. The jury are not enlightened or directed as to what the defendant reasonably should have done to avert the injury and they are left wholly to conjecture and speculation. The existence of an undefined duty was suggested, and the probable result was that the jury were misled.
Upon the facts disclosed by the evidence to which these portions of the charge related, there appeared to have been no ground for recovery by the plaintiff,and under these circumstances the court would not have erred if it had excluded this theory of the case from the consideration of the jury.
These instructions, however, assumed as established matters not in proof, viz., actions on the part of the plaintiff in approaching the car, from which an intention to board the ■car while in motion could be inferred; that the plaintiff was in peril in so approaching, and that the defendant’s .servants had time to become aware of the situation of the plaintiff, and to provide for it.
*326 “To instruct a jury upon assumed facts to which no evidence applied was error. Such instructions tended to mislead them by withdrawing their attention from the proper-points involved in the issue. Juries are sufficiently prone to indulge in conjecture without having possible facts not in evidence suggested for their consideration. In no respect could the instructions mentioned have aided them in reaching a just conclusion.” Railroad Company vs. Houston, 95 U. S., 703.
• The verdict is set aside, and a new trial granted.