# Highland Avenue & Belt Railroad Co. v. Donovan.

*Action by Passenger against Street Railway Company, for Damages on account of Personal Injuries.*

1. *What constitutes negligence, or due care, as matter of fact.*—What constitutes due care, or, conversely, amounts to negligence, depends in every case on the circumstances surrounding the party whose conduct is the subject of inquiry; and while he is required to make all reasonable efforts to ascertain his environments, he may then safely act on appearances, although the actual facts may be different.

2. *Standing on platform of moving car as negligence.*—A person who, desiring to enter a street car, finds several persons standing on the platforms, and through the window sees several others standing up in the aisles, while all the seats appear to be occupied, is not guilty of negligence because he stands on the front platform; and his knowledge of a rule of the company forbidding passengers to stand on the platforms does not make him guilty of negligence as matter of law, when the conductor accepted his fare without objection, and there is evidence tending to show that the position was not obviously dangerous, and that the injury he received was caused by the speed of the car while passing around a curve. On these facts, the question of negligence *vel non* is properly left to the decision of the jury.

Appeal from the City Court of Birmingham.

Tried before the Hon. H. A. Sharpe,

This action was brought by William Donovan, a minor, suing by next friend, against the appellant corporation, to recover damages for personal injuries sustained by being thrown from one of the defendant's cars on which he was a passenger,

on the morning of September 30th, 1889. The plaintiff was about sixteen years old, and was going to school when he got on the car at a regular station, carrying his school-books and umbrella. He testified that, finding the rear platform full of people, he got on the front platform, where several persons were also standing; that the conductor passed him, collected his fare, and pushed through into the car; that he looked through the window into the car, "and saw that the seats were crowded, and that the aisle between the seats was full of people standing, and he had to stay where he was." He was asked this question, "What appearance did it have as they were standing in that way?" and answered, "that it was more crowded near the door than at the center, and that people were hanging on by the straps all along." The defendant objected and excepted to the allowance of this question, but not to the answer. The evidence showed that the car was drawn by a dummy-engine; that as it passed around a curve at the intersection of two streets, the persons standing on the front platform were swung or pressed against plaintiff, and he was thrown off, breaking his right ancle. He had previously lost his left leg, and was wearing a wooden leg. The jury gave him a verdict for $1,000.

The court gave the following charge to the jury, on request of the plaintiff: "If the jury believe from the evidence that, under the circumstances of the case, there was a reasonable necessity, either real or apparent, for the plaintiff to travel on the platform of the car, and that he made such effort to obtain accommodation inside of the car as an ordinarily prudent man would have made under similar circumstances, then he was not guilty of negligence by reason of standing or travelling on the platform." The defendant excepted to this charge, and also to the refusal of each of the following charges, which were asked in writing: (1.) "There is no evidence that the rate of speed at which the car was moving around the curve was dangerous or negligent." (2.) "If the plaintiff got on to the front platform of the car, with knowledge that the car was so crowded he could not get a seat, and could not get in, and with knowledge that the rules of the company prohibited his standing on the platform, this would be negligence on his part, which would defeat a recovery." (3.) "If the jury believe the evidence, they should find a verdict for the defendant." (4.) "If the jury believe from the evidence that the car was filled with passengers when plaintiff boarded it, and the platforms were also filled with passengers, and he knew when he got on the car that he could not get a seat, and could not get into the car; then, his getting on the platform with this

knowledge, and remaining there, was voluntary, and would defeat a recovery on his part." (5.) "Plaintiff having testified that he knew of the existence of the curve at the intersection of the two streets, he would be presumed to know the effect of the car going around the curve; and if, with this knowledge, he stood on the front platform, outside of the curve, which was the most dangerous place, then he would be guilty of negligence, which would defeat a recovery." (6.) "If the jury believe from the evidence that plaintiff saw the crowded condition of the car and platforms, as testified by him, and knew that the rules of the company prohibited him from standing on the platform, and with this knowledge got on the car, and stood on the platform, and failed to request the conductor to give him a place in the car, and by reason of being on the platform contributed directly to the injuries he sustained, he can not recover." (7.) "The existence of an apparent necessity to the plaintiff for him to stand upon the platform, will not excuse his negligence for being on the platform."

The admission of the evidence objected to, the charge given, and the refusal of the charges asked, are assigned as error.

A. T. LONDON, for appellant, cited *Houston R. R. Co. v. Clements*, 40 Amer. Rep. 799; *A. G. S. Railroad Co. v. Hawk*, 72 Ala. 112; *Penn. R. R. Co. v. Langdon*, 97 Penn. St. 21, or 37 Amer. Rep. 651; 44 Amer. Rep. 120; *Hickey v. Boston R. R. Co.*, 14 Allen, 429; 51 Ill. 495; Whart. Negligence, § 367; Beach on Contr. Negligence, § 54; 30 Md. 224; 2 Wood's Railway Law, 1127; 49 N. Y. 177; 26 Ill. 373; L. R. 4, C. P. 139; 5 Exch. Div. 28; 16 Gray, 501; 9 La. Ann. 441; 59 Ill. 131; 26 Ind. 228; 51 Texas, 189.

WEATHERLY & PERCY, *contra*, cited 2 Wood's Railway Law, § 308.

McCLELLAN, J.—What constitutes the exercise of due care, and, conversely, what amounts to negligence, depends in all cases, of course, upon the circumstances surrounding the person whose conduct, in these respects, is under investigation. A man may be negligent in failing to ascertain his environments, no less than in the omission of that course of action, with respect to a situation known to him, which prudence dictates. But, having been duly careful to acquaint himself as best he may with all the facts which should have a legitimate influence in shaping his conduct, his subsequent action is to be gauged with respect to the observance or lack of care and caution, not by the real facts which, or some of

which, his circumspection may have failed to disclose to him, but by the appearance of things as uncovered by that degree of effort to ascertain the real facts which men of ordinary prudence would put forth in the premises. In other words, "he is not bound to see; he is bound to make all reasonable efforts to see that a careful, prudent man would make in like circumstances. He is not to provide against any certain results. He is to make an effort for a result that will give safety—such an effort as caution, care and prudence will dictate."—*Greany R. R. Co. v. Long Island R. R. Co.*, 101 N. Y., 419 ; s. c., 24 Amer. & Eng. R. R. Cases, 476.

There is evidence in the record going to show that, when the plaintiff boarded defendant's car—there being only one in the train—every seat and the aisle were occupied, that the rear platform was also fully occupied, and that there were several people on the front platform. Plaintiff, finding he could not get on the rear, went to and took a position on the front platform. From this position, which afforded a view through an open window of the whole interior of the car, it *appeared* to him that there was no available space for him on the inside. If the jury found the facts in line with these tendencies of the testimony, they would have been justified in finding further that the plaintiff exercised due diligence and caution in ascertaining the situation, and hence had a right to act upon the facts which such diligence and caution disclosed, whether they were the real facts or not. It follows that, assuming proper circumspection to have been observed by plaintiff, evidence as to whether the car presented the *appearance* of being entirely full was pertinent, and properly received, and the charge requested for plaintiff, which authorized the jury to find plaintiff free from negligence in taking a position on the platform if there was a reasonable necessity, real or apparent, for his doing so, correctly stated the law. The application of this principle to charge 7 requested by defendant must lead to its condemnation as being misleading in itself, and affirmatively bad when read in the light of the evidence.

2. It is insisted for the appellant, that the assumption of a position on the front platform was negligence as a matter of law in the plaintiff, for that a rule of the carrier, which was known to him, forbade his doing so. Ordinarily, no doubt, this would be true; but, in this instance, it is not on one phase of the evidence, for the reason that there was no other position on the train open to plaintiff, and he was impliedly invited by the conductor to take this position, accepted as a passenger while occupying it, and his safe carriage while occupying it was assumed by the defendant. A tendency of the

[Gay, Hardie & Co. v. Brierfield Coal & Iron Co.]

evidence goes to show that the position was not obviously a dangerous one, and would have been unattended by danger or injury in this instance had the carrier exercised due care in operating its train. On these tendencies of the evidence, the whole question of negligence *vel non* on the part of the plaintiff, so far as the known rule of the company and the supposed inherent danger of the position bear upon it, was one of fact for the determination of the jury. Charges 3 and 5 asked by defendant involved the determination of this question by the court, and were properly refused.—*Railway Co. v. Wallin*, 2 Am. & R. R. Cases, 20 (and notes); *Willis v. L. & B. R. R. Co.*, 34 N. Y. 670; *Nolan v. B. C. & N. R. R. Co.*, 3 Am. & Eng. R. R. Cases, 463; *L. R. & F. S. R. R. Co. v. Miles*, 13 Am. & Eng. R. R. Cases, 10; *L. I. R. R. Co. v. Werle*, 21 Am. & Eng. Cases, 429; *N. H. & C. Ry. Co. v. May*, 27 Am. & Eng. R. R. Cases, 151; 2 Am. & Eng. Ency. of Law, p. 766, (n. 5.)

The judgment of the City Court is affirmed.