Mr. Justice Shepard
delivered the opinion of the Court:
1. The right to permit an amendment to the defendant’s •pleading, after the case had been called and the jury sworn for its trial, in order that a special defense may be set up in bar of the action, is a matter within the sound discretion of the trial judge, and his refusal of leave will not be disturbed save for manifest error which would result in a denial of justice. There is nothing in the record to show any special or particular reason or excuse for deferring the application for leave to amend to this time.
The amendment, if allowed, might have led to a postponement of the trial, though doubtless a demurrer to the amended plea would have been entered and sustained in obedience to the decision of the General Term upon the demurrer to the original plea, which was substantially the same in form. It now appears that the real object of the proposed amendment, though not disclosed below, was to bring that decision of the General Term before this court (the law creating which had taken effect the week before) for review, by reopening the question in this way. As it is not made to appear that the court below refused the leave to amend upon this ground, we do not feel called upon to re-' open the question. Moreover, had it been the express purpose to reopen the question and force a decision in the court below, the evidence of accord and satisfaction might have been offered under the pleading as it stood. Whilst it is unquestionably the better practice to plead this defense specially, yet it is probable that under the general issue the same defense might have been proved. This seems to be the rule at common law in actions on the case, and we are advised of no decision of the courts of this jurisdiction to the contrary. 2 Greenleaf on Ev., Sec. 29; 1 Chitty Pl., 478-491; Bird v. Randall, 3 Burr., 1353.
2. There was no error in refusing to instruct the jury to return a verdict for the defendant. From the evidence, as shown in the record, it could not be fairly said that “ the conclusion follows as matter of law that no recovery can be had *432 upon any view that can be properly taken of the facts the evidence tends to establish.” Whenever there is uncertainty as to the existence of negligence, whether it proceed from a conflict in the evidence, or from the different conclusions which fair-minded, reasonable men may. draw from undisputed facts, the question is.one of fact and must always be submitted to the jury. Gardner v. R. R. Co., 150 U. S., 349; Wash. Gas L. Co. v. Poore, ante, p. 127; R. R. Co. v. Carrington, ante, p. 101.
Let it be granted that the evidence of defendant’s negligence is not of a thoroughly satisfactory nature, and that it is not free from doubt that plaintiff’s injury did not proceed from her own want of care; still there was direct evidence upon these issues and their determination depended upon the credibility of the witnesses, the weight to be given to their testimony, and the reasonableness of the inferences to be drawn from the established facts. Under the circumstances of this accident, there having been no derailment, no collision, no failure of the means or appliances for transportation, no presumption of negligence on the part of the carrier could be indulged from the mere happening of the accident itself. Transportation Co. v. Downer, 11 Wall., 129. Nor is it to be presumed from the mere fact of plaintiff’s' fall from the car that she did not exercise ordinary care. The existence of negligence on the one hand, and of contributory negligence on the other, is to be established by reasonable inference from the facts and circumstances surrounding the accident and illustrating its cause, and not from the mere happening thereof. It has been well said by the Court of Appeals of Maryland: “That a party will act with due care both with reference to his own safety and the safety of others, is a natural presumption to be indulged in in all cases, until overcome by proof to'the contrary.” R. R. Co. v. Geis, 31 Md., 357.
As will be seen in the statement of the case, the driver of the car admitted that due care required the speed to be reduced at least one-half in making the turn, assuming, at the same time, that the ordinary rate between such places was *433 about six miles per hour. This would have been quite slow. There was testimony on behalf of the plaintiff to show that the car ran rapidly, and without any reduction of speed at the curve. The sole ground, then upon which the court could have taken the case from the jury would have been upon the presumption of the contributory negligence of the plaintiff, from the fact that the platform upon which she voluntarily attempted to ride was an obviously dangerous place. We are not to be understood as denying that there may be circumstances in which — especially upon regular steam railways — where there is a rule forbidding it, and where there is no recognition of the right and no occasion for doing so, riding upon the platform might raise a presumption of negligence on the part of the passenger, which, if it contributed materially to the accident, would exempt the carrier from liability. But be that as it may, to hold that under the circumstances of this case plaintiff’s voluntary riding upon the platform was an obviously dangerous act, constituting negligence per se, would be against reason and common experience as well as opposed to weighty authority. R. R. Co. v. Donovan, 94 Ala., 299; Crissey v. R. R. Co., 75 Pa. St., 83; R. R. Co. v. Walling, 97 Pa. St., 55 ; Meesel v. R. R. Co., 8 Allen, 234 ; Maguire v. R. R. Co., 115 Mass., 239; Burns v. R. R. Co., 50 Mo., 139; Nolan v. R. R. Co., 87 N. Y., 63.
It is a matter of common observation, of which courts may be supposed to take notice, that street car companies not only permit, but sometimes seem to encourage, passengers to ride upon the car platforms, cars being often stopped when filled inside to take on additional passengers. There was no proof that the defendant had a rule to the contrary. The act of stopping the car when crowded for plaintiff and her companion to get on was in accordance with the common practice. The evidence tends to show that the conductor knew the condition of the car when he stopped it to take them on, and that they would be compelled to stand on the platform until such time, at least, as other passengers *434 might depart and thereby make room for them in the car. From this common practice, it would seem that neither the owner nor the operators of the car, nor the public generally, regarded the act of riding upon the platform as obviously dangerous, and it would be a harsh and unreasonable rule of law that would declare it to be so notwithstanding this common practice and general agreement of opinion.
3. The charge of the court, including the instructions given at the request of each party respectively, presented the law of the case, in all of its phases, with due regard to the rights of each. It was as favorable to the defendant as it had any right to demand. The instructions given at the request of the plaintiff were not in themselves objectionable, though, by reason of their condensed statement, they might not have been readily comprehended by the jury in all their bearings. But the court, not only through the several instructions given at the request of the defendant, but also through further elaboration in the general charge, so explained and qualified them that the jury could not possibly have been misled by them in any respect. The refused instructions asked by defendant, upon which error has been assigned, in so far as they contain a principle applicable properly to the facts of the case, are embraced in other instructions given at the request of defendant and in the general charge.
We deem it entirely unnecessary to consume time with an attempted analysis of the charge and discussion of its elements. It is set out with great fullness in the preliminary statement of the case, where it speaks for itself. Its general soundness is sustained by the principles announced in the discussion of the sufficiency of the evidence to warrant its submission to the jury, under the next preceding assignment of error, which is the main point of defendant’s contention.
There is, however, one proposition involved in the second special prayer of the plaintiff, and also the general charge which, in view of the argument made thereon, it may be proper to notice briefly. The instruction was substantially to the effect that, though the plaintiff may have shown a *435 want of reasonable care, in getting upon the car in its crowded condition, and in attempting to ride upon the platform thereof, still this would not relieve the defendant from liability if, knowing her situation and consequent danger, it might, by the exercise of reasonable care under the circumstances, have prevented injury to her. This instruction does not infringe the general rule, itself well recognized elsewhere in the charge, that there can be no recovery where the negligence of both parties has concurred in producing the injury. It is a qualification of this general rule, applicable to the facts of the case, which has the sanction of the highest authority. Inland and Seaboard Coasting Co. v. Tolson, 139 U. S., 551 ; and cases cited, p. 558; R. R. Co. v. Geis, 31 Md., 357; see also R. R. Co. v. Didzoneit, 1 App. D. C., 482.

There being no error in the record, the judgment must be affirmed, with costs to the appellees ; and it is so ordered.